JOE WINGATE, et al., v. OTTO MACH and MARY SELINA
    MOSGROVE, as Executors of the Purported Last Will and
    Testament of Emil Mach, Deceased, et al.

154 So. 192.
En Banc.
Opinion Filed April 2, 1934.

*George P. Garrett* and *Johnston & Rogers,* for Appellants;

*Hugh Akerman* and *Allison E. Palmer,* for Appellees.

PER CURIAM.—This is an application by the Appellants seeking to invoke the powers of this Court to issue a constitutional writ under Section 5 of Article V of the Constitution, it being alleged that the issuance of the writ prayed for is necessary to preserve the subject matter of the controversy pending the decision of this appeal.

The suit below was a bill in equity brought by the complainants for the purpose of securing the appointment of a receiver *pendente lite* to manage and operate the Mach Lumber & Crate Mill while certain litigation was pending with regard to the validity of a will made by one Emil Mach, deceased. Ernest Mach joined in the suit not only as a creditor of the estate, but as an heir of the estate, alleging himself entitled to receive one-half of the property left by said Emil Mach, if his will should be found to be inoperative, or that he died intestate. The other complainant Joe Wingate, asserts a claim against the estate of Emil Mach and alleged that in order to enforce said claim that he had brought an action at common law in the Circuit Court of the Seventeenth Judicial Circuit in order to reduce

his claim to judgment against the purported executors of the estate of Emil Mach.

Upon an application of the complainants for the appointment of an administrator *pendente lite,* receiver and injunction, and for consolidation of the equity cause with a proceeding brought pursuant to Section 5618 C. G. L., 3745 R. G. S., an order was entered by the Circuit Judge denying complainants' motion, whereupon complainants have appealed.

The application for a constitutional writ avers that the cause being appealed involves ownership, right of possession and management and control of property belonging to Emil Mach, deceased, of which he died possessed, and that appellees are adverse claimants claiming as legatees and devisees under the purported will of Emil Mach, deceased, and as executors thereof. It is further alleged that appellees are continuing the business of Mach Lumber & Crate Mill, which was conducted by Emil Mach in his lifetime, against the consent of appellants, who, as creditors, are alleged to be the only two large creditors of the said estate; that the appellees, Mary Mosgrove and her husband, Will Mosgrove, are utterly insolvent and that the appellees as executors are not under the law authorized to continue the business of the decedent, even pursuant to the provisions of Section 5614 C. G. L., *et seq.,* 3741 R. G. S., against the protest of appellants as creditors of said estate and others adversely interested. The decision of this Court in Story v. First National Bank, 103 Fla. 399, 139 Sou. Rep. 179, is relied on to support the granting of the constitutional writ.

Under Section 5 of Article V of the Constitution, the Supreme Court has jurisdiction to issue all writs "necessary" and all writs "proper" to the "complete exercise" of

its jurisdiction. As will be noted from the language of the Constitution itself, the jurisdiction of the Supreme Court to issue constitutional writs is not limited to those writs merely which are *necessary* to protect its jurisdiction, but may extend to the issuance of such writs as may be *proper* "to the complete exercise" of its jurisdiction. It is therefore within the province of this Court to grant a writ of the character prayed for by appellants if it be found by this Court that the granting of such a writ is either "necessary" or is "proper" to the complete exercise of its jurisdiction to decide the matter brought here on appeal, which is the order of the Circuit Court denying the appointment of an administrator *pendente lite,* receiver or injunction as prayed. Thus the "complete exercise" of the jurisdiction of the Supreme Court to reverse the order on appeal may, in a proper case, warrant it in making a present order which will accomplish that which the lower court has refused to do if such should be found to be necessary or proper.

But, as in all other cases involving the right of the Supreme Court to interfere with the orderly administration of justice in the Circuit Court, extraordinary relief of such drastic character as that herein prayed for by appellants, should never be granted except in cases of extreme urgency where it is made to appear to the appellate court that the constitutional writ prayed for should be issued in advance of determination of an appeal on its merits in order that appellant may not suffer any irreparable injury during the interim between the entry of appeal and the final decision of the appellate court.

A careful examination of the transcript of the record and of the other matters presented on this application utterly fails to disclose that, under the circumstances of this case, it is either necessary or proper to the complete exercise of

the jurisdiction of this Court on the present appeal to grant the relief prayed for, and therefore the petition of appellants for a constitutional writ under Section 5 of Article V of the Constitution should be and the same is hereby denied.

Constitutional writ denied.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.