MARIE W. ANDERSON, *et al.,* v. TOWER AMUSEMENT COMPANY, *et al.*

159 So. 782.
Opinion Filed February 16, 1935.

438

*Thomas H. Anderson* and *Sutton, Tillman & Reeves,* for Appellants;

*Wilson & Boswell* and *Lennard O. Boynton,* for Appellees.

DAVIS, J.—Complainant below is the appellant here. The bill was one for injunction, temporary and permanent, was sworn to and was uncontested either by affidavit, motion to dismiss or answer. It is alleged in the bill that Marie W. Anderson, the owner of real estate, had leased the same for a five-year term subject to a restrictive covenant that the premises should not be underlet or rented without consent of the leasors in writing to the transfer of the lease. It was further alleged that pursuant to a consent in writing duly given by lessors the lease had been transferred by complainant's lessee, one Gore, to M. C. Talley for and on behalf of Sparks Theatre Interests; that pursuant to the assignment of the Gore lease to Talley that Talley had gone into possession of the premises as sub-leasee; that notwithstanding the rights of complainant as landlord to have the premises peaceably enjoyed by complainant's sub-leasee, Talley, the defendant, one D. V. Marquis, had forcibly interfered with Talley's possession by certain acts of violence and that Marquis had retained possession thereof in violation of plaintiff's rights until enjoined by order of the Court. The prayer was that the defendants, Tower Amusement Company and D. V. Marquis, should be enjoined from interfering in anywise with the possession of Talley as complainant's tenant.

The Chancellor denied an interlocutory injunction. Complainants thereupon appealed and have applied to this Court for a constitutional writ of injunction under Section 5 of

Article V on the ground that the issuance of such constitutional writ of injunction in favor of the Andersons, as complainants, having been improvidently and erroneously refused by the Chancellor below, the granting of appellate interlocutory relief is indispensable in order to protect complainants' (appellants') rights pending the appeal.

In our recent case of Wingate v. Mach., 114 Fla. 380, 154 Sou. Rep. 192 (text 193) we said:

"Under Section 5 of Article 5 of the Constitution, the Supreme Court has jurisdiction to issue all writs 'necessary' and all writs 'proper' to the 'complete exercise' of its jurisdiction. As will be noted from the language of the Constitution itself, the jurisdiction of the Supreme Court to issue constitutional writs is not limited to those writs merely which are necessary to protect its jurisdiction, but may extend to the issuance of such writs as may be proper 'to the complete exercise' of its jurisdiction. It is therefore within the province of this court to grant a writ of the character prayed for by appellants if it be found by this court that the granting of such a writ is either 'necessary' or is 'proper' to the complete exercise of its jurisdiction to decide the matter brought here on appeal, which is the order of the circuit court denying the appointment of an administrator *pendente lite,* receiver, or injunction as prayed. Thus the 'complete exercise' of the jurisdiction of the Supreme Court to reverse the order on appeal may, in a proper case, warrant it in making a present order which will accomplish that which the lower court has refused to do if such should be found to be necessary or proper.

"But, as in all other cases involving the right of the Supreme Court to interfere with the orderly administration of justice in the circuit court, extraordinary relief of such drastic character as that herein prayed for by appellants,

should never be granted except in cases of extreme urgency where it is made to appear to the appellate court that the constitutional writ prayed for should be issued in advance of determination of an appeal on its merits in order that appellant may not suffer any irreparable injury during the interim between the entry of appeal and the final decision of the appellate court."

It appears from a certificate of the Chancellor that he denied the interlocutory injunction applied for by appellant, Marie W. Anderson, mainly because of the fact that an injunction of the same character had already been issued by him in another case against the same defendants and enjoining the same threatened injury, namely, the interference by Marquis with Talley's possession of the leased premises as sub-tenant of the complainant landlord, but as to which injunction the appellants in this case were not parties.

In Taylor v. Florida East Coast Ry. Co., 54 Fla. 635, 45 Sou. Rep. 574, 16 L. R. A. (N. S.) 307, 127 Am. St. Rep. 155, 14 Ann. Cas. 472, it was held by this Court that if the allegations of a bill for injunction are sufficient, and the evidence in support thereof is ample to warrant the granting of a temporary injunction in a bill brought to protect complainant against irreparable injury from the violation of his contract rights that would be susceptible of specific enforcement at his instance, *and no sufficient defense is made,* an order denying a temporary injunction will be reversed.

If, in the present case Marie W. Anderson, as the landlord, was entitled to file her own individual bill for an injunction, and to have temporary relief granted thereon, when and if she made a *prima facie* showing warranting such temporary relief, she was entitled to have same granted to her in her own right, irrespective of the pendency of

other litigation to which she was not a party. This is so despite the fact that in such other litigation an injunction to the same effect had already been granted. Hence when complainant showed that she was entitled to injunctive relief in her own right, she was entitled to have it awarded to her in her particular suit, so that it would inure to her benefit in her own name, and be capable of enforcement as her own injunctive process, irrespective of the course or outcome of the separately pending litigation being carried on in the name of others.

Therefore, since injunctive relief, temporary and permanent, was the only relief sought by appellants as complainants in the court below, it is an appropriate exercise of power for this court, to act under the express authority given to it by Section 5 of Article V of the Constitution to issue all writs "necessary" as well as all writs "proper" to the "complete" exercise of its jurisdiction, which jurisdiction in this case is for the Supreme Court to ultimately reverse the Circuit Court's interlocutory order denying complainant a preliminary injunction upon her application to the court below, if it hereafter be found to have been an erroneous denial of temporary injunctive relief in the premises. Hence our own processes may be invoked to secure to appellants such temporary injunctive relief as the Chancellor below should have granted but did not, if it had been clearly established to the satisfaction of this Court that appellants are plainly entitled to such relief at the present time.* See

---

*Thus the constitutional writ when issued in these circumstances is in its practical operation and effect, a supersedeas of the Circuit Court's order denying a preliminary injunction, which, being negative in character, can be superseded by an appellate court by no other means than by an affirmative order of its own.

Paramount Enterprises v. Mitchell, 104 Fla. 407, 140 Sou. Rep. 328.

In the present case complainant's bill in the court below was in the nature of a bill for specific enforcement of the restrictive covenant in her lease prohibiting sub-letting of the premises without her written consent, the injunctive process being merely the means by which the end is to be accomplished. 14 R. C. L., par. 83, page 383. A right to specific performance comprehends the right to enjoin third parties from wilfully and unlawfully circumventing performance by the parties directly bound. Dade Enterprises, Inc., v. Wometco Theatres, Inc., decided at the present term. Complainant's bill was sworn to and was, as we have hereinbefore pointed out, neither challenged by motion to dismiss for want of equity, nor by answer of affidavit denying the facts alleged to constitute the asserted equity. Therefore a preliminary injunction should not have been denied. Taylor v. Florida East Coast Ry. Co., *supra.*

The foregoing being true, the Supreme Court, with the cause now duly transferred to it by an interlocutory appeal which is merely a step in the cause, will, upon the showing made upon appellants' application for a constitutional writ under Section 5 of Article V of the State Constitution in the nature of a temporary injunction affording the same injunctive relief prayed for in the bill, award to the appellants its own constitutional injunctive writ in order to make "complete" its jurisdiction over the controversy now before it on appeal, which controversy is confined solely to the proposition whether or not the appellants were presently entitled to have temporary (not permanent) injunctive relief awarded to them as of the date of the order of the Chancellor below denying it.

An order will accordingly be now entered by this Court

awarding appellants a constitutional writ under Section 5 of Article V of the Constitution, enjoining and restraining the appellees, their agents and servants, from interference with the appellants' possession of the property described in the bill of complaint, pending the appeal in this case, the condition of this order being that before said constitutional writ shall be issued, the appellants shall appear before the Chancellor in the Court below and there give such injunction bond in such amount as the Chancellor shall fix and order, conditioned to pay appellees all costs and damages which they may sustain in consequence of the affirmance of the order appealed from, or the dismissal or abandonment of the pending appeal, all of which let be duly certified to the court below under a special mandate of this Court to be issued forthwith pursuant to this opinion.

Constitutional writ awarded on motion of appellants.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.