L. & L. Freight Lines, Inc., v. W. B. Douglass, as Chairman and Member, Eugene S. Matthews and Jerry W. Carter, as Members, and all of them collectively composing the Railroad Commission of the State of Florida.

169 So. 370.
Opinion Filed June 26, 1936.
Rehearing Denied July 16, 1936.

*Leo P. Kitchen* and *Dan R. Schwartz,* for Appellant;

*Theo T. Turnbull* and *Claude Ogilvie,* for Appellees;

*W. J. Oven, Doggett ·& Doggett, G. A. K. Sutton* and *Milam, McIlvaine & Milam,* as *Amici Curiae.*

DAVIS, 'J.—The bill of complaint in this case, as amended, is sufficient to present a justiciable controversy arising under the "Federal Motor Carrier Act of 1935" (Title 49, U. S. Code Annotated, Sections 301 to 327, both inclusive, 49 U. S. Statutes 543), particularly Section 206 (b) thereof, but the particular appeal before us now is from an interlocutory order of the Circuit Court of Leon County entered April 15, 1936, denying an application for a restraining order against the appellees, Florida Railroad Commissioners, their agent and representatives, with reference to the enforcement of a State statute.

In aid of and incident to the appeal, we granted a modified constitutional writ of injunction pending final hearing of the appeal, pursuant to an application of appellant therefor under Section 5 of Article V of the State Constitution. See: Anderson v. Tower Amusement Co., 118 Fla. 437, 159 Sou. Rep. 782. Subsequent thereto the cause as brought here on the record was advanced on the docket and argued and briefed at length for an early decision on the merits of the appeal itself.

A Federal statutory right amounting to a Federal status was undoubtedly conferred by the "Federal Motor Carrier Act of 1935" upon all motor carriers engaged in transportation as common carriers on the date Section 206 (b) of the Act took effect. The Federal status so conferred entitles such motor carriers to continue their existing operations thereafter for a period of one hunded and twenty

days, absent any actually issued certificate of public convenience and necessity from the Interstate Commerce Commission, and for an additional period at the discretion of the Interstate Commerce Commission, provided application is appropriately made by them in due course to the Interstate Commerce Commission for a proper certificate within the prescribed statutory period allowed for making such applications. See Section 206 (b) Federal Motor Carrier Act of 1935."

Such Federal right and Federal status, when clearly shown to exist, is paramount to the effectiveness of State statutes or administrative regulations attempted to be enforced to the contrary, insofar as the Federal status and the State status may appear to be in conflict.

The clearly discernible purpose of the Congress was to vest in the Interstate Commerce Commisssion, as a fact finding body, and not initially in the State or in the Federal courts, the ultimate authority to investigate and to decide in due course of administrative procedure which motor carriers may have brought themselves as a matter of law and fact within the scope of the protective provisions of the Federal Motor Carrier Act of 1935, insofar as the Federal status *vel non* of particular operations might appear to be in controversy and require decision upon such status as a condition to their continuance of operations in interstate commerce. This is so as applied to operations commenced prior to June 1, 1935, as well as to new operations inaugurated intermediate the period of August 9, 1935 (the date the Federal statute was enacted and approved), and the subsequent date upon which its provisions, by its terms, may be deemed in contemplation of law to have taken effect with reference to the subject matter of any particular application filed with the Interstate Commerce Commission and asserted under the terms of Federal law.

But pending a factual decision by the Interstate Commerce Commission on the issue involved in a pending application, it is within the province as well as the duty of State courts, as well as the Federal courts, to protect by injunctive relief the *temporary* privileges and benefits conferred *ex proprio vigore* by the "Federal Motor Carrier Act of 1935," upon all such motor carriers as may make it clearly to appear by appropriate allegations and proof that they are entitled to enjoy, and to enjoy free from unwarranted interference at the hands of State law enforcement officials acting under purported authority of State statutes, with reference to any matters that have been superseded in part by provisions of Federal law operating in derogation thereof with respect to the privilege of doing a motor carrier business in interstate commerce subject to the supervisory powers of the Interstate Commerce Commission as to the nature, character and extent of the privilege permitted by the Federal law to be exercised.

But in the present case the asserted Federal right claimed by appellant, while appropriately alleged, has not been made clearly to appear by proof submitted sufficient to overcome the allegations of the appellees' answer joining issue with appellant's allegations as to the lawful inauguration of any such actual operation at all as that contended for in appellant's bill of complaint, as amended, but denied by the answer.

Apellant has, as yet, obtained no factual recognition of its alleged status under Section 206 (b) from the Interstate Commerce Commission.

Its claim, while predicated on the terms of a United States statute, is therefore such as must be not only pleaded in an appropriate bill of complaint, but duly established by competent proofs, before it is entitled to injunctive relief, either interlocutory or final, in the State courts as against

the asserted rights of State officers to continue their enforcement of a State statute otherwise applicable to it in the absence of a clearly established Federal right to which the official acts of State enforcement officers must yield submission in the premises.

The present appeal demonstrates no error in the order appealed from within the rule of this opinion. So that order will be affirmed, but without prejudice, however, to the right of appellant to proceed to a final hearing on the issues now joined, or which may hereafter be joined, between the parties on the pleadings now pending or on such amended pleadings as may be filed, and thereupon have such final decree rendered in the cause as may be not inconsistent with the holding of the opinion of the Supreme Court and may otherwise be in accord with law and justice in the premises. The constitutional writ heretofore issued will stand dissolved upon the issuance of the mandate.

Judgment of appellate court entered in accordance with opinion.

WHITFIELD, C. J., and ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents in part.

BROWN, J. (dissenting in part).—It seems to me that the opinion and order of the United States District Court for the Northern District of Florida (Nov. 7, 1935) is a similar proceeding between these same parties, was well considered and sound, and is conclusive of the question here presented. I doubt whether the bill as amended presents a justiciable question under the holding in that decision.