J. H. TACKER v. BOARD OF COUNTY COMMISSIONERS OF POLK COUNTY, et al.

170 So. 458.
Opinion Filed October 28, 1936.

*Johnson & Bosarge, R. E. Bradley* and *Smith & Petteway,* for Appellant;

*M. D. Wilson,* for Appellees.

Davis, J.—This is a controversy involving the proper interpretation of Section 12-A of Chapter 17257, Acts 1935, commonly known as the referendum provision of the 1935 Slot Machine Act. The Court below denied the injunction sought by appellant to restrain the appellees, County Commissioners of Polk County, from printing upon November 3, 1935, general election ballots the special question of recall of slot machine licensing provided to be voted upon under Section 12-A, *supra,* in the event a petition of twenty per cent. of the "qualified electors" of any county should so pray.

The case is now before this Court upon appellant's application for a constitutional writ of injunction in the nature of a supersedeas to conserve this Court's appellate jurisdiction in a case where injunctive relief, if proper to be granted at all, must be granted prior to the printing of the 1936 general election ballots if it is to be effective for the purposes of appellant's suit. See: Anderson v. Tower

Amusement Co., 118 Fla. 437, 159 Sou. Rep. 782 (fourth headnote).

The submission to the electors of the question provided for by Section 12-A of Chapter 17257, Acts of 1935, is expressly provided to be a conditional submission—the condition being that an election can be had only upon the condition that a petition signed by twenty per cent. of the "qualified electors" of the county is duly presented to the County Commissioners in time to have the proposition of same printed upon the ballots. Inasmuch as the result of the question if unlawfully submitted may adversely affect their statutory rights, citizens and taxpayers have an equitable standing to have enforced by injunction the observance of the statutory condition that is precedent to any legal right in the County Commissioners to call an election under Section 12-A, *supra*. See: Crawford v. Gilchrist, 64 Fla. 41, 59 Sou. Rep. 963, Ann. Cas. 1914B 916; Duval County v. Jennings, 121 Fla. 584, 164 Sou. Rep. 356.

From the transcript it appears that in Polk County there are 27,721 qualified electors on the registration books; that of this number only 4,945* signed the petition under Section 12-A of Chapter 17257, *supra,* praying for a vote on the proposition of recalling slot machine licensing in Polk County. Twenty per cent. of the aggregate number of qualified electors of Polk County would be 5,545 registered electors, so the petition is short of the necessary twenty per cent. of the "qualified electors" mentioned in said section.

Where a statute provides for specially calling an election, or for submitting a proposition to vote, upon condition of a petition signed by "qualified electors" the phrase "qualified electors" as used in the statute, should, in the absence

---

*Arrived at by deducting 641 names of persons not registered in Polk County.

of some unmistakable intendment appearing to the contrary in the language or context of the Act, be deemed and held to contemplate those persons who are duly registered as electors and who possess the qualifications prescribed by Article VI of the Florida Constitution (as modified by the Nineteenth Amendment to the U. S. Constitution providing that every person of the age of twenty-one years and upwards that shall, at the time of registration, be a citizen of the United States, and that shall have resided and had his habitation, domicile, home and place of permanent abode in Florida for one year and in the county for six months shall in such county be a qualified elector, regardless of whether or not the same may have paid poll taxes to qualify themselves to actually vote at the time of signing the statutory petition.

Authorities from other states defining the phrase "qualified elector" one way or the other are immaterial. The Legislature of Florida when speaking through its enactments, is presumed to use the phrase "qualified elector" to mean an elector within the definition of that term as found in the Constitution, absent any affirmative declaration, express or implied, indicating that its use of the legal phrase "qualified elector" is intended to be employed in a narrower or more enlarged sense than the constitutional definition comprehends.

The constitutional writ of injunction prayed for under Section 5 of Article V of the Constitution as an incident to this appeal is granted and shall be effective until the further order of this Court.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.