### RAILROAD COMMISSION OF TEXAS et al. v. BATES.

#### No. 8591.

Court of Civil Appeals of Texas. Austin.

July 14, 1937.

certificate of convenience and necessity with the Interstate Commerce Commission within 120 days after the effective date of the act, continue to operate until the application has been finally passed upon by the commission. Appellee alleged that he has complied with all these provisions of the act and is entitled to continue operations without a certificate until his application has been passed upon by the Interstate Commerce Commission; that he has complied with all the rules and regulations over which the Railroad Commission has jurisdiction, and particularly with respect to the character of vehicles to be used and proper safety lights and equipment, and has furnished all kinds of insurance required; but that appellants have arrested him and his drivers, and have threatened to continue to arrest them for any operations unless appellee secures a certificate or permit from the State Commission to operate his trucks on the highways in question; and that because of such arrests and threatened arrests appellee's business was being irreparably injured; and he prayed for a temporary injunction to be made permanent on final hearing. Appellee's petition was duly verified, and after proper notice the temporary injunction was granted on the facts alleged; appellants not having answered nor controverted the facts alleged in any manner.

Wm. McCraw, Atty. Gen., and Curtis E. Hill, Asst. Atty. Gen., for appellants.

Felts, Wheeler & Wheeler, of Austin, for appellee.

BLAIR, Justice.

This is an appeal from an order of the district court of Travis county, Tex., granting a temporary injunction restraining appellants, the Railroad Commission, its members, and the officers and agents of its Motor Transportation Division, and H. H. Carmichael, Director of the Public Safety Department, and his officers and agents, from interfering with appellee, A. E. Bates, in the operation of twelve trucks carrying interstate merchandise exclusively over certain public highways of Texas. Appellee claimed the right to operate his trucks under the terms of the Federal Motor Carrier Act of 1935, 49 U.S.C.A. §§ 301–327, and particularly section 206 (49 U.S.C.A. § 306), which provide that an interstate motor common carrier operating prior to the effective date of the act may, by filing an application for a

The contention of appellants seems to be that notwithstanding the enactment of the Federal Motor Carrier Act of 1935, which vested in the Interstate Commerce Commission exclusive authority to pass on the application of motor carriers engaged exclusively in interstate commerce on public highways for certificates of convenience and necessity, the Railroad Commission of Texas still has jurisdiction and authority, and it is its duty under the applicable provision of article 911b, Vernon's Texas Statutes, to require motor common carriers, engaged in carrying interstate merchandise exclusively, to apply for and obtain certificates of convenience and necessity from the State Commission; and that the State Commission still has the authority to deny such certificates or permits if necessary for the protection of the state's highways, or for the safety of the public in the use of them. This question was necessarily decided against the contention of appellants by the Supreme Court in the case of Southwestern Greyhound Lines v. Railroad Commission, 99

S.W.(2d) 263, 268, 109 A.L.R. 1235, wherein the court construed the Federal Motor Carrier Act of 1935, and held as follows:

"An analysis of the act clearly shows that it was the purpose of Congress, in enacting this law, to delegate to the Interstate Commerce Commission the exclusive authority to pass upon the application of a motor carrier engaged exclusively in interstate commerce on the highways for a certificate of public convenience and necessity. Such construction of the law does not deprive the state from protecting its highways and the public safety by reasonable and uniform regulations, and exacting reasonable compensation for the use of such highways. Michigan Public Utilities Commission et al. v. Duke, 266 U.S. 570, 45 S.Ct. 191, 69 L.Ed. 445, 36 A.L.R. 1105; Buck v. Kuykendall, 267 U.S. 307, 45 S.Ct. 324, 69 L.Ed. 623, 38 A.L.R. 286. It is not necessary to discuss here the extent of the power of a state to make such rules and regulations, nor to define them, because that question is not before us.

"The Federal Motor Carrier Act was approved by the President on August 9, 1935 [49 U.S.C.A. §§ 301–327] Congress having assumed jurisdiction over this class of legislation, such control is exclusive, and such act of Congress superseded State legislation. Northern Pac. R. Co. v. State of Washington, 222 U.S. 370, 32 S.Ct. 160, 56 L.Ed. 237; Erie R. Co. v. People of State of New York, 233 U.S. 671, 34 S.Ct. 756, 58 L.Ed. 1149, 52 L.R.A.(N.S.) 266, Ann.Cas.1915D, 138; 5 R.C.L. p. 704, § 16."

By the language quoted the Supreme Court held that the act vested in the Interstate Commerce Commission exclusive authority to pass on all applications of motor carriers engaged exclusively in interstate commerce on public highways for certificates of public convenience and necessity. The court also held that in aid of the enforcement of state police regulations, the State Commission might promulgate reasonable rules and regulations for the protection of the highways and their use by the public; and that it might in like manner establish requirements with respect to safety of equipment or standards of equipment, payment of compensation for the use of the highways, qualifications of truck drivers, insurance, and any other matters over which the jurisdiction of the State Commission is not in conflict with,

nor displaced by, the federal act. To that end no doubt the commission may require of each interstate carrier an application for some sort of certificate or permit to be issued after a certificate of convenience and necessity has been issued by the Interstate Commerce Commission, and to be issued as a matter of right upon proper application after the Interstate Commerce Commission has passed upon and issued its certificate of convenience and necessity. This is in accord with the recent holding of the Supreme Court of Florida, wherein it construed the Federal Motor Carrier Act, and held that where the Interstate Commerce Commission has awarded a certificate of convenience and necessity for exclusive interstate motor carrier operations, the State Commission is required to grant such a carrier a state certificate upon proper application, to enable such State Commission to enforce state police regulations, or any other jurisdiction or authority which has not been displaced or superseded by the federal act. State ex rel. L. & L. Freight Lines v. Douglass, 124 Fla. 579, 169 So. 389.

▮▮▮ The Supreme Court of Florida has also held that during the pendency of an application to the Interstate Commerce Commission of a certificate of convenience and necessity, the State Commission need not and cannot be compelled by judicial process to grant a certificate of public convenience and necessity in aid of the enforcement of its police regulations to motor carriers for interstate operation, until the Interstate Commerce Commission has finally decided the carrier's permanent status, notwithstanding such carrier may continue already begun interstate operations, until the pending application to the Interstate Commerce Commission for a permanent certificate has been decided. This decision is upon the ground that the federal right to continue operations is only a temporary one. See L. & L. Freight Lines v. Douglass, 124 Fla. 819, 169 So. 501; L. & L. Freight Lines v. Douglass, 124 Fla. 696, 169 So. 370. The converse of this proposition would be equally true. Manifestly, if the State Commission cannot be compelled to issue a certificate of convenience and necessity to enable it to enforce its state police regulations to an interstate carrier already temporarily operating under his pending application to the Interstate Commerce Commission for a permanent cer-

tificate, then the commission should not and cannot require of such operator a certificate or permit until the federal right has been made permanent.

We find no error in the trial court's order or judgment, and it will be affirmed.

Affirmed.

Court of Civil Appeals of Texas. Austin.

July 14, 1937.

Wm. McCraw, Atty. Gen., and Curtis E. Hill, Asst. Atty. Gen., for appellants.

Felts, Wheeler & Wheeler, of Austin, for appellee.

