THOMPSON et al. v. RAYBURN.

No. 1993.

Court of Civil Appeals of Texas. Waco.

Oct. 7, 1937.

C. S. & J. E. Bradley, of Groesbeck, and Wm. McCraw, Atty. Gen., and Geo. P. Kirkpatrick, Asst. Atty. Gen., for appellants.

R. Guy Carter, of Dallas, for appellee.

ALEXANDER, Justice.

This appeal is from a ruling of the trial court in granting a temporary injunction, at an ex parte hearing, on the petition of J.

E. Rayburn, restraining the Railroad Commission and others from interfering with the operation of certain automobile trucks on public highways of Texas by Rayburn in the transportation of interstate commerce. The plaintiff alleged, in substance, that on and prior to June 1, 1935, he and his predecessors in interest were in bona fide operation of a motor transportation business in the state of Texas over the routes in question as contract carriers, engaged exclusively in the transportation of interstate commerce, and that they have been so engaged continuously since said date; that within due time they filed with the Interstate Commerce Commission an application for a permit as a contract carrier, or common carrier, as the findings might justify, under the provisions of the Federal Motor Carrier Act (49 U.S.C.A. §§ 301–327); that under the provisions of said act the plaintiff, as successor in title and present owner of said business, is entitled to continue in the operation of said business until said application can be acted on by the Interstate Commerce Commission; that he is engaged exclusively in the transportation of interstate commerce and has complied with all the police regulations of the state of Texas and all the rules of the Railroad Commission of Texas, except the securing of a certificate of public convenience and necessity, but that, solely because of his failure to secure such certificate from the Railroad Commission of Texas, the defendants are causing the drivers of his truck to be arrested and otherwise attempting to prevent the plaintiff from so operating his trucks. The trial court granted a temporary injunction and the defendants appealed.

Appellants' contention, in substance, is that, notwithstanding the enactment of the Federal Motor Carrier Act of 1935 (49 U.S.C.A. §§ 301-327) conferring on the Interstate Commerce Commission exclusive authority to regulate the transportation of interstate commerce by motor carriers, the Railroad Commission of Texas still has authority, under the provisions of article 911-b, Vernon's Annotated Civil Texas Statutes, to require motor carriers engaged exclusively in the transportation of interstate commerce on the public highways of Texas to obtain a certificate of convenience and necessity from the Railroad Commission of Texas, and that, in the absence of such certificate, the state commission has a right to prevent such carrier from carrying on his business as such interstate carrier. This exact question was decided ad-

versely to appellants' contentions by the Austin Court of Civil Appeals in the case of Railroad Commission of Texas v. Bates, 108 S.W.(2d) 286. See, also, Southwestern Greyhound Lines v. Railroad Commission (Tex.Sup.) 99 S.W.(2d) 263–268, 109 A.L. R. 1235.

Upon the authority of the foregoing decisions, we hold that the trial court was within its rights in granting the temporary injunction.

The judgment of the trial court is therefore affirmed.