## TIPS v. RAILROAD COMMISSION OF TEXAS et al.

### No. 8649.

Court of Civil Appeals of Texas. Austin.

Oct. 27, 1937.

Rehearing Denied Nov. 24, 1937.

Felts, Wheeler, & Wheeler, of Austin, for appellant.

Wm. McCraw, Atty. Gen., and Albert G. Walker, Asst. Atty. Gen., for appellees.

BLAIR, Justice.

Appellant, Julius C. Tips, instituted this proceeding against appellees, the Railroad Commission, its members, and officers, seeking to temporarily and on final hearing to perpetually enjoin them from interfering with his motor truck operations over certain public highways of Texas. Appellant claimed the right to operate under the Federal Motor Carrier Act of 1935 (49 U.S.C.A. § 301 et seq.), and particularly section 206 (49 U.S.C.A. § 306), which provides that an interstate motor carrier operating prior to the effective date of the act may, by filing with the Interstate Commerce Commission an application for a certificate of convenience and necessity within 120 days after the effective date, continue to operate pending final determination of his application by said commission. Appellant alleged in his verified petition that he had complied with the federal act; but that appellees were interfering with and threatening to arrest him for such truck operations unless he also obtained a certificate or permit from the Railroad Commission authorizing such operations. The temporary injunction was granted upon ex parte hearing. Appellees then filed their controverting verified answer and motion to dissolve the temporary injunction, to which appellant replied by verified answer. After a hearing upon these verified pleadings, the court entered an order dissolving the temporary injunction. This appeal is from that order.

The order of the trial court dissolving the temporary injunction must be sustained under the rule that where the facts alleged in the verified pleadings are conflicting on the issue to be finally determined, the matter of granting a temporary injunction, or dissolving same in a statutory proceeding on verified motion, is largely within the discretion of the trial court, and will be reversed on appeal only when a clear abuse of discretion is shown. Southwestern Greyhound Lines v. R. R. Comm. (Tex. Sup.) 99 S.W.(2d) 263, 109 A.L.R. 1235; 24 Tex.Jur., 313, 314, § 253, and cases there cited; 2 Tex.Jur.Supp. 1584, 1585, and cases there cited; R.S.1925, arts. 4657 and 4658.

The facts alleged in the verified pleadings of the parties clearly raised a controverted issue as to whether appellant was engaged exclusively in the transportation of interstate commerce. His petition alleged that he was so engaged. The verified motion to dissolve the temporary injunction alleged that he was not so engaged, and alleged specific facts showing that he was also engaged in transporting for hire intrastate commerce within the State of Texas. The specific items of merchandise transported in intrastate commerce and the prices paid appellant for transporting same were fully alleged. It was further alleged that appellant was fraudulently using the temporary injunction to prevent the agents of the Railroad Commission from investigating or discovering his unlawful intrastate truck operations; that appellant had never applied for nor obtained a certificate or permit from the Railroad Commission to engage in intrastate commerce; and that appellant had been convicted in certain court proceedings, and fines had been imposed upon him for violations of the Texas Motor Carrier Laws (Vernon's Ann.Civ. St. art. 911b) since he had been operating under his alleged temporary right under the federal act, and since he had obtained the temporary injunction involved. Obviously there is no abuse of discretion in dissolving a temporary injunction where the verified motion alleges that the temporary privilege of operating pending the application before the Interstate Commerce Commission to engage exclusively in interstate commerce was being violated by applicant's engaging also in intrastate commerce without a state permit, in violation of the state's laws, and where the truck operator is alleged to be using the temporary injunction granted him to protect his temporary privileges under the federal act to prevent the state from investigating his unlawful intrastate operations.

Appellant contends, however, that his authority to operate his trucks was referable to and authorized by the Federal Motor Carrier Act (49 U.S.C.A. § 301 et seq.), and that consent of the state commission was not necessary for his interstate operations. This question is not involved here. The questions here involved are the right of appellant to operate as an intrastate carrier without a permit; and to continue in force a temporary injunction which he is alleged to have fraudulently used to prevent discovery of his unlawful operations.

Nor do we sustain the contention of appellant that the trial court had no jurisdiction in this case to decide and determine any question except his right to operate as an interstate motor carrier un-

der the Federal Motor Carrier Act. Manifestly, where a motor carrier is engaged in both interstate and intrastate, commerce, the federal commission and the state commission of the state in which he operates may each require of him a certificate or permit to engage as such motor carrier. The Federal Motor Carrier Act specifically provides that it shall apply only to "motor carriers engaged in interstate or foreign commerce"; and that "nothing in this chapter shall be construed to affect the powers of taxation of the several States or to authorize a motor carrier to do an intrastate business on the highways of any State, or to interfere with the exclusive exercise by each State of the power of regulation of intrastate commerce by motor carriers on the highways thereof." Title 49, § 302 (b) and (c), United States Code Annotated. And in Southwestern Greyhound Lines, Inc. v. R. R. Comm. of Texas (Tex.Sup.) 99 S.W.2d 263, 268, 109 A.L.R. 1235, it was held that the federal law did not displace entirely the state law upon the subject; and that the federal law did not "intend to deprive the estate courts of all general and concurrent jurisdiction of matters arising under both the federal and state laws." See, also, L. & L. Freight Lines v. Douglass, 124 Fla. 696, 169 So. 370.

In the case of R. R. Comm. v. Bates, 108 S.W.2d 286, this court held that one engaged exclusively in foreign or interstate commerce need only apply for a certificate of convenience and necessity within the time prescribed by the federal act to entitle him to operate until the final passage of the Interstate Commerce Commission upon his application. We did not have in that case any question as to whether the motor operators therein involved were also engaged in intrastate commerce. In fact, no answer was filed by the Railroad Commission in that case.

Nor do we sustain the contention of appellant that the verified motion to dissolve the temporary injunction was insufficient: (1) Because it was not properly verified; and (2) because it admitted sufficient of the material allegations of appellant's petition to entitle him to continue in force the temporary injunction.

■ The motion to dissolve was duly verified by an investigator or agent of the Railroad Commission, who stated that he was authorized to make the affidavit, and that of his own knowledge the facts stated

therein were true and correct. It seems to be the contention of appellant that because affiant used the words, "investigator of" the Railroad Commission, instead of "investigator for" the Railroad Commission, he only identified himself as being an investigator of the commission itself and not an investigator for the commission. Such contention has no merit. In this connection it may also be observed that appellant addressed no special exception to the verification and did not in any manner call the court's attention to it, unless he could do so by a general demurrer. The verification of a petition for injunction on information and belief and other defects are held to be waived where the party complaining addresses no special exception to the petition, but relies solely upon a general demurrer and lack of jurisdiction to complain of the improper verification. Wilkinson v. Lyon (Tex.Civ.App.) 207 S.W. 638; Hightower v. Price (Tex.Civ.App.) 244 S.W. 652.

The admissions by pleadings of appellees and relied upon by appellant to continue the injunction in force read as follows: "Defendants admit the allegations of Paragraph 7 of Plaintiff's petition except that they deny that they have threatened to tie up Plaintiff's trucks and cause delay of his cargoes and merchandise unduly; Defendants do admit, however, that they will arrest Plaintiff and his drivers and helpers if they continue to operate as interstate carriers of property for compensation and hire over the highways of the State of Texas, without first procuring from The Railroad Commission of Texas either a permit or a certificate authorizing him to use the public highways of the State of Texas in his said interstate transportation operations for compensation and hire."

■ This admission only relates to one separate ground upon which appellees sought to dissolve the temporary injunction. The other grounds authorizing the dissolution of the injunction are hereinabove stated, and the question raised is not material.

■ Nor did appellant allege any fact which would show an unreasonable balancing of equities as between the parties; nor that any undue inconvenience or hardship would result to him from dissolving the injunction. In fact, his fraudulent and unlawful conduct alleged in the motion to dissolve was not overcome or destroyed by

the sworn reply of appellant. And since the verified motion to dissolve had been filed, the burden rested upon appellant to allege by sworn reply or answer facts which would sustain his injunction, or which would overcome the facts alleged in the motion to dissolve. Owen v. Willis (Tex.Civ.App.) 20 S.W.2d 338; Sanitary Appliance Co. v. French (Tex.Civ.App.) 34 S.W.2d 673.

We affirm the order or judgment of the trial court appealed from.

Affirmed.