DREW, Chief Justice.
Here for review by appeal is a decision of the District Court of Appeal, First District, in Smith v. Treadwell, 161 So.2d 49, which initially construed a controlling provision of the Florida Constitution. For this reason we have jurisdiction.
Appellees Treadwell and others instituted in chancery a class suit on behalf of the citizens, electors and freeholders of the Town of Oak Hill seeking reactivation of the town government. From a summary final decree in favor of the plaintiffs’ appeal was taken by E. A. Smith whom the chancellor had permitted to intervene on behalf of the defendant Town.
The pertinent facts are not in dispute. The Town of Oak Hill was created by the legislature in 1925, and although the charter has never been nullified or abolished by the legislature, the Town government ceased to function in 1930. All of the last elected officials of the Town are now deceased, and under the provisions of the charter only these officials are authorized *778 to call an election for the purpose of filling vacancies.
The District Court posed as the onlj question to be determined on the appeal: “Can a court in the absence of an authorizing charter provision call an election and appoint a Board of Elections to conduct same for the purpose of reactivating a municipality which possesses a valid charter although dormant for over thirty years ?”
It answered that question with a “no.”
Oak Hill is a valid, subsisting municipality even though the last meeting of the Town Commissioners was on July 2, 1930, all members of this last Board of Commissioners are now dead and no successors were ever appointed or elected. This is so because the Legislature has the sole authority to both establish and dissolve municipalities.[1] A non-user of municipal powers does not result in dissolution.[2]
The opinion of the District Court rests upon the proposition that a citizen of Florida does not have the “right to have a municipal government established, continued or abolished. Such “rights”, says the District Court, are within the exclusive province of the legislature. This is undoubtedly true but it does not dispose of this case. The legislature has seen fit to let the municipal government of Oak Hill continue and, while it continues, the citizens of Oak Hill have certain rights concomitant with its existence. These are the rights for which they seek a remedy in equity. A remedy for rights which have no redress at law is an ancient head of equity jurisdiction — probably the most important, the one that has done the most for the orderly growth of the law.[3]
It is true that we have no exact precedent but this has never deterred equity given a right for which there was no adequate remedy at law.[4] Here there is no adequate remedy: mandamus will not lie for there is no one to whom the writ can be issued; the vacant offices are not within the class to be filled by appointment by the Governor, and relegation to seeking legislative dissolution of the existing charter and securing a new one as the District Court suggests is not an adequate remedy at law to protect existing rights. It would “protect” them by destroying them.
Nor are we without analogous decisions wherein we took jurisdiction over elections. We have held that elections may be enjoined in proper cases,[5] and we have enjoined the printing upon the general election ballots the special question of recall of slot machine licensing because of the insufficiency of the antecedent petition.[6] Equity is usually reluctant to interfere in any way with an election. The reasons are set out in State v. Tedder, supra: “It has frequently been said that an injunction will not issue as a general rule for the purpose of restraining the holding of an election, or of directing or controlling the mode in which, or of determining the rules of law in pursuance of which, an election shall be held, and that an election is a political manner as to which courts of equity have, and should have, nothing to do. See Pomeroy’s Equity Jurisprudence (4th ed.) §§ 1753, 1754.
*779 “But the reason usually given for this general holding that equity is without jurisdiction in election matters is that interference in election controversies might often result in the destruction of popular government, especially when the relief sought is to entirely prevent the holding of an election by the people and thereby to prevent the free expression of the popular will.”
It is patent that what we are here asked to do will promote, not prevent, popular government.
The District Court bottomed its decision upon Williams v. Keyes, 135 Fla. 769, 186 So. 250, wherein we approved the chancellor’s action in ordering a recall election as the Miami City Charter authorized. The District Court apparently reads into this decision a requirement that equity cannot act in such case without specific statutory authorization investing it with jurisdiction. With this we cannot agree. Perhaps, although this is obviously not the case before us, the specific statute was necessary to give equity the right to act in Williams where mandamus was a feasible remedy. The case before us would come within the exception set out in Williams:
“Courts of equity do not have general jurisdiction to order elections to be held in the absence of valid statutory authority; but courts of equity do have power in proper cases to require that to be done which in law should be done; and any appropriate statutory or other means not violative of organic law may be utilized in requiring statutory duties to be performed by persons designated by the court itself or by statutes, as may be most appropriate to the complete exercise of the equity power when the constitution or a controlling statute is not violated; and no such violation is shown in this case.”
The chancellor below was exercising the extraordinary power of courts of equity to require that to be done which in law should be done when he ordered the holding of an election authorized by appropriate statutory means, the Charter of Oak Hill. The District Court of Appeal in its opinion tacitly recognized that equity does have such power and then imposed limitations: “There has been no showing of any sudden emergency, no recent loss of rights, and no reason why equity should use its extraordinary powers to relieve a situation which has been in existence for over 32 years during which time legislatures convened and adjourned biennially.”
We do not agree with the limitations to sudden emergency situations imposed upon equity’s power. To invoke the aid of equity in providing a remedy for an existing right for which the law provides none no particular emergency need be shown. It is enough that a present right and lack of an adequate remedy at law for its protection is demonstrated.
The decision of the District Court is reversed and the summary decree of the chancellor affirmed.
THORNAL, O’CONNELL, CALDWELL and ERVIN, JJ., concur.
THOMAS and ROBERTS, JJ., dissent with opinion.

. 37 Am.Jur.Mun.Corp. § 22; 2 McQuillin’s Municipal Corporations [3d ed.] 421; State ex rel. Behrens v. Crismon (1945) 354 Mo. 174, 188 S.W.2d 937; People ex rel. Potty v. Thomas (1935) 361 Ill. 448, 198 N.E. 363.

. Fla.Constitution, Declaration of Rights, § 4; State v. Fernandez, 106 Fla. 779, 143 So. 638, 641, 86 A.L.R. 240; Farrington v. Flood, Fla.1949, 40 So.2d 462.

. 1 Pomeroy, Eq.Jurisprudence [5th ed.] § 67; 1 Story’s Eq.Jurisprudence [14th ed.] § 95; Malone v. Meres, 91 Fla. 709, 109 So. 677, 686.

. State v. Tedder, 106 Fla. 140, 143 So. 148; City of DeLand v. Fearingtonu [1933] 108 Fla. 498, 146 So. 573.

. Tacker v. Board of Commissioners of Polk County, 126 Fla. 15, 170 So. 458.