QUESTION: What is the current corporate status of the Town of Cloud Lake, which was established pursuant to Ch. 165, F. S. 1973, or predecessor general laws, in light of the enactment of Ch. 165, F. S. 1975, by Ch. 74-192, Laws of Florida?
SUMMARY: The Town of Cloud Lake, created pursuant to Ch. 165, F. S. 1973, or predecessor statutes, continues as an existing municipality notwithstanding the enactment of Ch. 165, F. S. 1975, by Ch. 74-192, Laws of Florida, establishing general-law standards and procedures for forming and dissolving municipalities from and after the effective date thereof, July 1, 1974. Section 2(a), Art. VIII, State Const., provides as follows: Municipalities may be established or abolished and their charters amended pursuant to general or special law. When any municipality is abolished, provision shall be made for the protection of its creditors. In Treadwell v. Town of Oak Hill, 175 So.2d 777, 778 (Fla. 1965), the Florida Supreme Court construed the counterpart of this provision in the 1885 Florida Constitution (s. 8, Art. VIII) to provide that the Florida Legislature has the sole authority to both establish and dissolve municipalities. See also Cobo v. O'Bryant,116 So.2d 233 (Fla. 1960). The Town of Cloud Lake was apparently created as a municipality pursuant to general law. See Ch. 165, F. S. 1973, and predecessor statutes, which established a "self-starter" method for the organization of municipalities. Thus, consistent with s. 2(a), Art. VIII, supra, the town could not have been, and cannot be, dissolved except pursuant to an enactment of the Florida Legislature. In this regard, I have been informed of no special law which has abolished the Town of Cloud Lake, nor does it appear that the town has ever surrendered its franchise or otherwise been dissolved pursuant to the general-law methods of municipal dissolution. See ss. 165.26-165.28, F. S. 1973, and predecessor statutes, and ss. 165.051 and 165.052, F. S. 1975. As to whether the mere enactment of Ch. 165, F. S. 1975, by Ch. 74-192, Laws of Florida, constitutes an abolition of municipalities created pursuant to Ch. 165, F. S. 1973, or its predecessor statutes, I find no legislative intent that such enactment have that effect. Rather, the Legislature appears to have recognized the continuing existence of municipalities created pursuant to Ch. 165, F. S. 1973, or its predecessor statutes by defining the word "municipality" in s. 165.031(4), F. S. 1975, to mean "a municipality created pursuant to general or special law authorized or recognized pursuant to s. 2 or s. 6, Art. VIII of the State Constitution." (Emphasis supplied.) Moreover, nowhere in Ch. 165, F. S. 1975, is provision made for protection of the creditors of municipalities created pursuant to Ch. 165, F. S. 1973 (cf. s. 165.052(3), F. S. 1975), such protection being a constitutional prerequisite to the abolition of any municipality. See Humphreys v. State, 145 So. 858 (Fla. 1933). Thus, I am of the opinion that the mere enactment of Ch. 165, F. S. 1975, did not abolish any existing municipality, but merely established a new general-law method for the formation and dissolution of municipalities subsequent to the effective date thereof (July 1, 1974).