CITY OF DELAND, a Municipal Corporation, incorporated under the laws of the State of Florida; E. W. BROWN, Mayor of the City of DeLand; WALTER O. LAHRMAN, CLARKE HARPER, GRAHAM PARSONS and C. L. HEATH, City Commissioners of the City of DeLand; GRANT BLY, City Auditor and Clerk of the City of DeLand, and F. M. FORD, Tax Collector of the City of Deland, *Appellants,* v. J. E. FEARINGTON and MAYME W. FEARINGTON, joined by J. E. FEARINGTON, her hubsand; GEORGE E. LEDERER and MAIDIE C. LEDERER, his wife, joined by her husband, GEORGE E. LEDERER; A. V. S. SMITH; H. W. MERCER; GEORGE A. BAKER; CANDACE R. STRAWN; JOHN H. CRANOR; C. E. DUNN, and HETTIE E. McBRIDE, joined by her husband, J. R. McBRIDE, *Appellees.*

146 So. 573.

Opinion filed February 28, 1933.

*D. C. Hull* and *Hull, Landis & Whitehair*, for Appellants;

*Stewart & Stewart*, for Appellees.

PER CURIAM.—This appeal is from a decree restraining the holding of referendum election authorized by Chapter 15177 Laws of Florida, Acts of 1931. It is contended by Appellees that a referendum election may be restrained, that Chapter 15177, Acts of 1931 was not legally enacted, that the election provided for thereunder was not legally called, that Chapter 15177 Acts of 1931 was repealed by Chapter 15673 Acts of 1931, that Chapter 15177 Acts of 1931 was a flagrant violation of property rights, and that this case is ruled by State s. City of Stuart 97 Fla. 69, 120 So. 335.

A court of equity will not as a general rule restrain the holding of an election but there are some well known exceptions to this rule. An election held in violation of law or contrary to well established legal requirements or when it would result in substantial injury to any suitor or the public generally may on proper showing be enjoined where there is no other legal remedy.

State v. City of Stuart has no application whatever to this case. Neither is there any basis for the contention that Chapter 15177 Acts of 1931 was repealed by Chapter 15673, Acts of 1931. The Chancellor refused to adjudicate the validity of Chapter 15177 but restrained the holding of the election on the theory that the law providing for its holding was not complied with. There is ample showing in the record to restrain the election but a discussion of the grounds on which it should have been restrained would serve

no useful purpose as the time in which it was required to be held has long since passed.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.