96 So.2d 550 (1957)
R.G. DULANEY and Irving Kossoff, Appellants,
v.
The CITY OF MIAMI BEACH, Florida, a municipal corporation, Ivar Blacker and Charles H. Posner, Appellees.
No. 57-10.
District Court of Appeal of Florida. Third District.
August 2, 1957.
Cypen, Salmon & Cypen, Miami Beach, for appellants.
Joseph A. Wanick and Alex Gordon, Miami Beach, for appellee, The City of Miami Beach, Florida.
Sibley & Davis, Miami Beach, for appellees, intervenors Ivar Blacker and Charles H. Posner.
Eaton & Achor, Miami, amicus curiae.
PEARSON, Judge.
This appeal is from a final decree denying an injunction. The plaintiffs describing themselves as citizens, taxpayers and owners of real property in the City of Miami Beach, Florida, sought a decree of the Circuit Court permanently enjoining the defendant, City of Miami Beach, Florida, from holding a special election. The decree of the chancellor is affirmed.
There is no controversy as to events set forth in the complaint as a factual basis for the injunction prayed. On March 27, 1957 the City Council of the City of Miami Beach passed upon first reading an ordinance entitled, "An ordinance amending ordinance No. 289, commonly known as the `Zoning Ordinance of Miami Beach, Florida.'" The ordinance was passed upon the third and final reading on April 17, 1957. Immediately following the passage upon third reading of the named ordinance, there was presented to the City Council certain petitions consisting of the following words and figures:
"We the undersigned qualified electors of the City of Miami Beach, Florida, do severally and jointly petition the City Council of Miami Beach to submit to the electors of the City of Miami Beach the following measures for adoption by the electorate: `That all ordinances Amending ordinance number 289, commonly known as the "Zoning ordinance of Miami Beach, *551 Florida." Passed and enacted between the dates of March 27, 1957, inclusive, be and the same are hereby Repealed.'"
The City clerk of the defendant certified the petitions as bearing the requested number of signatures of registered voters and no evidence was introduced to the contrary at the trial of the cause. These petitions were presented pursuant to Section 26 of the Miami Beach City Charter, Chapter 22400, Laws of Florida, Special Acts of 1943. This section sets out among other things a procedure for the passage of ordinances by petition of the electorate and provides that the City Council must either adopt the measure initiated by petition without alteration or submit the same to its electorate. The city council took the latter course and passed its resolution calling a special election for the purpose of submitting to the electorate the following single question:
"Shall the following ordinance be adopted?
"`Be It Ordained by the City Council of the City of Miami Beach, Florida, That All Ordinances Amending Ordinance Number 289, Commonly Known As the "Zoning Ordinance of Miami Beach, Florida." Passed and Enacted Between the Dates of March 27, 1957, and April 17, 1957, Inclusive, Be and the Same Are Hereby Repealed.'"
No evidence was presented of any procedural defect in the calling of the election, although the plaintiff did challenge the propriety of the circulation of the petitions on dates prior to April 17, 1957.
The record reveals that plaintiff's evidence was offered only by stipulation and was to the effect that the special election would cost "some money" and that some of the petitions were signed prior to April 17, 1957. Every other ground for the issuance of the injunction sought must appear on the face of the pleadings or patently appear from the exhibits or become solely a matter of law from the admissions in the pleadings.
The Chancellor found these insufficient to enjoin the election and made the following announcement at the conclusion of argument of counsel:
"This is a suit by a taxpayer to enjoin a pending election on the ground that he will suffer irrevocable harm and injury and pecuniary damage if the election is held. I would not attempt to and do not think I properly should determine any legality of ordinance that might result from such an election. The question before the Court is whether or not the election itself should be enjoined, and I do not believe that a showing, a sufficient showing, has been made under this case to enjoin the election. So I will deny the application. I think it should be clearly understood I am not attempting to pass upon the suit that may subsequently be brought by property owners affected by this. I do not think I should, and I do not think it is within the purview of the Court."
The principal argument of appellants for reversal is based upon a contention that initiative laws do not apply to zoning; and therefore the election would be void or illegal. Since the chancellor expressly refused to rule upon the validity of the ordinance that might be passed by the electorate, he has in effect failed to rule upon this question. We are presented therefore with the question: Was it error for the chancellor to fail to rule on the validity of the ordinance proposed? We think that the chancellor was correct in his position.
There is a vast difference between the question of the legality of the election and the validity of the ordinance that might result. It would be true that an election held to pass an ordinance which was later held to be invalid would be useless, but it would not follow that such an election was illegal. An election should not be held if the ordinance proposed was clearly invalid on its face. In the instant case such a *552 certainty does not exist. It follows that the validity of the proposed ordinance can best be considered not under an injunction proceeding hastily brought and defended prior to an election already called, but in a suit brought for that purpose by affected property owners. The question of the applicability of initiative laws to zoning has not been decided in this State and there are respectable authorities from other jurisdictions to be maturely considered.
We think the general rule regarding the exercise of the power of a court of equity to restrain the holding of elections is ably set forth in the case of City of DeLand v. Fearington, 108 Fla. 498, 146 So. 573, wherein the court said "A court of equity will not as a general rule restrain the holding of an election, but there are some well-known exceptions to this rule. An election held in violation of law or contrary to well-established legal requirements, or when it would result in substantial injury to any suitor or the public generally, may on proper showing be enjoined where there is no other legal remedy."
Other than the contention of appellant that the petitions were improperly circulated as above noted the appellants urged: first, that the petitions sought the repeal of an ordinance passed between certain dates when the ordinance sought to be repealed was passed upon the terminal date to wit: April 17, 1957. This proposition does not fall within any of the recognized exceptions stated herein. It is an objection properly going to the validity of possible results of the election. Second, the appellant urges that the ballot which is to be submitted to the electorate is so vague and indefinite that it is impossible for the voters to determine what they are being asked to vote upon. This alleged infirmity does not clearly appear on the face of the ballot. The proposition does not fall within one of the enumerated exceptions and to require the chancellor to pass upon it at this stage of the proceeding would be to anticipate a result that may never occur.
In arriving at the conclusion reached in this case we are mindful of the reluctance of courts of equity to enjoin elections legally called. "Statutes giving the power of initiative to the electors of a municipality are to be liberally construed by the courts to the ends of permitting rather than restricting the power and to attaining rather than preventing its object. McQuillan, Municipal Corporations, 3rd Ed. p. 246, Sec. 16.51." Barnes v. City of Miami, Fla. 1950, 47 So.2d 3, 4.
"Enjoining a legal election irreparably injures the public." Wheeler v. Meggs, 75 Fla. 687, 78 So. 685, 686. The decree appealed from is affirmed.
HORTON, J., concurs.
CARROLL, CHAS., C.J., dissents.