CARROLL, Judge.
This appeal is by the respondents below from a judgment granting a peremptory writ of mandamus.
On April 14, 1970, the appellees petitioned the circuit court of Dade County for a writ of mandamus, naming as respondents the City of Miami Beach, its mayor, councilmen and clerk, and an alternative writ of mandamus was issued thereon.
By incorporation of the allegations of the petition, it was alleged by the alternative writ that the petitioner-plaintiffs had submitted to the city council at a formal meeting thereof a petition for an amendment to the charter of the City of Miami Beach, signed by the number or percentage of qualified electors of the city sufficient to require submission of the proposed charter amendment to the electors on an election, pursuant to provision therefor in the Home Rule charter of Metropolitan Dade County;[1] that the governing body of the city, *292 contrary to their clear legal duty, had failed and refused to so proceed. Attached to the alternative writ (by its incorporation of the petition) was a copy of the circulated amendment petition, which proposed amendment of the charter of the City of Miami Beach to provide six designated districts in the city with provision for election of one councilman from each of the districts. Appended thereto was a map or chart of the city showing the respective areas thereof which the six districts would comprise. The alternative writ commanded the respondents to accept the petition for amendment, and if ten percent or more of the qualified electors of the city were certified to have signed the same, to submit the proposed amendment to the electors of the city at an election to be held as provided by law, or show cause on or before a return date therein fixed why a peremptory writ of mandamus so commanding should not issue.
A motion of respondents to quash the alternative writ was heard and denied. Thereupon the respondents answered, in general denying the allegations of the alternative writ. By an amendment to the answer respondents submitted as a defense the assertion that the feature of the proposed amendment to the charter, which would operate to replace councilmen currently serving by those to be elected pursuant to the amendment, would in effect constitute a recall of the former, without there having been followed the steps and procedure contained in the city charter for a recall election.
Following trial before the court the judgment here appealed was entered in favor of the plaintiffs on January 21, 1971. Therein the trial court granted a peremptory writ of mandamus.[2]
The contentions presented by the appellants are that the trial court erred in .entering the judgment for the plaintiffs and in issuing a peremptory writ of mandamus, and that the court erred in sustaining objections of plaintiffs to certain evidence offered by respondents, and in rejecting respondents’ contentions of invalidity and insufficency of the amendatory petition.
Upon examination of the record and briefs and with the benefit of argument of counsel for the parties we conclude that the contentions presented by the appellants are without merit, and that the judgment appealed from should be affirmed.
The trial court was not in error in rejecting the respondents’ contention that the amendatory petition was insufficient or invalid. While it would have been proper for the trial court to have rejected the petition as a basis for amendment if it had appeared by the petition on its face that the matter to be enacted by the amendment, if accepted by the electorate, would have been unconstitutional or prohibited *293 by law,[3] it did not appear from this petition on its face that the amendment proposed would be unconstitutional or otherwise prohibited by law. Single-member districting is not improper and does not violate the one man one vote rule.[4]
The feature of the amendment that if it should become effective councilmen elected thereunder would replace those then so serving, does not render the proposed amendment invalid.[5]
The city argued that the failure to file the mandamus more promptly should have caused the trial court to reject the action because it must be assumed there have been population changes and shifts within districts during the period. We do not regard that argument to be conclusive.
The lapse of time between submitting the signed petitions to the governing body of the city and the filing of mandamus to compel action thereon (approximately nine months) should not operate to deprive the plaintiffs of a right to resort to the court for such relief. As pointed out by the ap-pellees, the delay was on the part of the respondents, by their refusal to proceed as required by law following receipt of the petitions; and also that the plaintiffs as proponents of the petitions had continued to seek action thereon by the city council in the interval of time in question.
As to a change in population, the allocation of the districts was based on the population fixed by the 1960 federal census. At the time of this action, including the time of judgment, the 1970 federal census had not been certified or made official. To the extent that a recent change in population may have occurred, and be such as to indicate a need for revision or reapportionment of such districts, the proposed amendment provides for such action to be taken by the city at two year intervals.
A further argument advanced by the respondents was that the trial court should have denied mandamus because in making provision for amendment of charters of municipalities within the county by such a petition of electors, the Metropolitan Dade County charter did not (in § 5.03 or elsewhere) specify the board or official of the city which should make the certification of the petition as having been signed by ten percent or more of the qualified electors of the city. That argument is unsound. Upon presentation to it of the signed petition for amendment of the city charter, the city council as the governing body of the city was under a clear legal duty to proceed, without undue delay, itself or through its clerk or such other official of the city as it should designate for the purpose, to so certify the petition or petitions (if the required signatures were appended thereto) and thereupon to provide for an election thereon as called for in § 5.03 of the Metropolitan Dade County charter in such circumstance.
We hold, therefore, that the trial court was correct in granting judgment in mandamus in favor of the plaintiffs, and in its issuance of the peremptory writ of mandamus.
Affirmed.

. Section 5.03 of the charter of Metropolitan Dade County provides:

“Mtmicipal charters.”

“(A) Except as provided in Section 5.04, any municipality in the county may adopt, amend, or revoke a charter for its own government or abolish its existence in the following manner. Its governing body shall, within 120 days after adopting a resolution or after the certification of a petition of ten per cent of the qualified electors of the municipality, draft or have drafted by a method determined by municipal ordinance a proposed charter, amendment, revocation, or abolition which shall be submitted to the electors of the municipalities. Unless an election occurs not less than 60 nor more than 120 days after the draft is submitted, the proposal shall be submitted at a special election within that time. The governing body shall make copies of the proposal available to the electors not less than 30 days before the election. Alternative proposals may be submitted. Each proposal *292 approved by a majority of the electors voting on such proposal shall become effective at the time fixed in the proposal.
“(B) All municipal charters, amendments thereto, and repeals thereof shall be filed with the Clerk of the Circuit Court.”

. The peremptory writ granted was as follows:
“Defendants are hereby peremptorily directed and commanded to accept for certification all petitions introduced in evidence in the cause by plaintiffs and are directed and commanded forthwith to canvass within a period not to exceed 30 days from the date of this Judgment and Writ the signatures on such Petitions to determine if the number of qualified electors of the City of Miami Beach who have signed such Petitions is equal to 10% or more of the qualified electors of the City of Miami Beach as of the close of the voter registration books of the City of Miami Beach on October 4, 1969 and if 10% or more of the qualified electors of the City of Miami Beach as of such date are certified to have signed such Petitions, to submit in the manner provided by Section 5.03 of the Dade County Home Rule Charter the proposed amendments set forth in such Petition to the electors of the City of Miami Beach at an election held as provided by law.”

. Dade County v. Dade County League of Municipalities, Fla.1958, 104 So.2d 512, 514-515; Dulaney v. City of Miami Beach, Fla.App.1957, 96 So.2d 550, 551; Adams v. Gunter, Fla.1970, 238 So.2d 824.

. See Perkins v. Matthews, 400 U.S. 379, 91 S.Ct. 431, 27 L.Ed.2d 476; Cf. Whitcomb v. Chavis, 403 U.S. 124, 91 S.Ct.1858, 29 L.Ed.2d 363 (decided June 7, 1971).

.City of Jacksonville v. Smoot, 83 Fla. 575, 92 So. 617, 620; Hall v. Strickland, Fla.1964, 170 So.2d 827.