PER CURIAM.
This appeal is from a final judgment which denied injunctive relief for which appellants prayed. The cause proceeded in the circuit court upon an expedited and emergency basis and the appeal has been similarly expedited in this court.
The Board of County Commissioners of Dade County on January 28, 1972, adopted a resolution calling for an election in Dade County pursuant to section 7.02 of the Charter of Metropolitan Dade County, *844 Florida. This section provides for the recall of county commissioners. The special election was set for Tuesday, March 14, 1972. On February 17, 1972, the appellants in their capacity as taxpayers and qualified electors of Dade County filed a complaint in the circuit court alleging that the holding of the special election would result in the expenditure of Dade County tax money and that the Clerk of the Circuit Court had mistakenly canvassed the petitions filed pursuant to section 7.02 of the Charter. It was particularly alleged that the petitions were insufficient in that there were less than the 10,000 required signatures needed to hold a recall election for Commissioner Ben Shepard. Upon the basis of these allegations, the appellants as plaintiffs prayed: (1) that the court judicially declare that no sufficient petition had been filed calling for the submission to the Dade County electorate of the recall question relating to Commissioner Ben Shepard; (2) that the court temporarily and permanently restrain and enjoin the holding of the recall election; (3) that the court set an immediate hearing at the earliest practical time.
The circuit court in an attempt to fully meet the exigencies of the situation and to grant appellants an opportunity to present their case expedited the cause. In his final judgment, the circuit judge set forth in preamble the progress of the case:
“In view of the emergency nature of this action, plaintiffs requested that the final hearing be expedited and that all parties be permitted to take depositions immediately. The court granted both requests and the final hearing in this case was begun on February 18, 1972 and concluded on February 22, 1972. At the final hearing, opportunity was given all parties to submit whatever evidence they had in support of the allegations of the complaint and the answers filed herein. After consideration of the pleadings, the evidence and exhibits, and argument of counsel for all parties, it is
ORDERED:
1. The court finds that the evidence does not support the allegations of the complaint and plaintiffs are not entitled to the injunctive relief prayed for.”
On February 24th, an appeal from the final judgment denying injunctive relief was lodged in this court. Appellants presented two motions which were filed contemporaneously with the notice of appeal. The first was to advance the cause on the calendar and for an emergency hearing. The second was a motion concerning the record on appeal. This second motion on behalf of the appellants requested that the court permit the record on appeal to consist of certain photocopies of items which it was alleged had been before the trial court. This court granted each motion and in response to the motion to expedite the cause directed the filing of briefs within a short time set and immediately set the cause for oral argument on the 6th day of March, 1972. We have now heard argument and examined the briefs on behalf of the parties and we find that appellants have not met their burden of demonstrating that the chancellor has misconceived the weight and probative effect of the evidence. See Groover v. Adiv Holding Co., Fla.App.1967, 202 So.2d 103.
Appellants’ position in the trial court was that as taxpayers they should be granted an injunctive order to obviate the unnecessary spending of tax money. Upon the limited record presented to us we think that it is entirely possible that the trial judge found that this position was not sustained. There is evidence in the record that would support the view that it would be more expensive to remove the single commissioner from the recall ballot than it would be to complete the election utilizing the ballot already posted.
In addition, we are not convinced from this abbreviated record that the trial court was bound to find, unless it misconceived *845 the evidence, that the certificate certifying the petitions as sufficient was wrongfully made by the Clerk of the Circuit Court, who is the Clerk of the County Commission.
We think that it should be noted that the denial of the emergency relief sought in the circuit court and the affirmance of said denial on this expedited appeal does not constitute a holding that the procedure employed to procure the recall election was legally proper.
The only question presented to the trial court was whether or not the appellants, as taxpayers, were entitled to an emergency injunction preventing the holding of a recall election. In State ex rel. Landis v. Tedder, 106 Fla. 140, 143 So. 148 (1932), the following settled rule of law has been stated:
j{í íjí >|{ ‡
“It has frequently been said that an injunction will not issue as a general rule for the purpose of restraining the holding of an election, or of directing or controlling the mode in which, or of determining the rules of law in pursuance of which, an election shall be held, and that an election is a political matter as to which courts of equity have, and should have, nothing to do. See Pomeroy’s Equity Jurisprudence (4th Ed.) §§ 1753, 1754.'
“ . . . [T]he reason usually given for this general holding that equity is without jurisdiction in election matters is that interference in election controversies might often result in the destruction of popular government, especially when the relief sought is to entirely prevent the holding of an election by the people and thereby to prevent the free expression of the popular will.”
* * * * * *
In that case, a citizen filed a petition for removal of one of the Commissioners of the City of Hollywood, Commissioner Adams. The petition was filed pursuant to the recall provision of the Hollywood City Charter. The Hollywood City Clerk advised Commissioner Adams that the number of registered voters signing the petition was sufficient to serve as a basis for the Commission to order a recall election. At this point, Commissioner Adams himself filed for an injunction to prevent the election from taking place. This is in marked distinction to the instant case, where the appellants are taxpayers. We believe, in the light of the foregoing authorities, the more enlightened view is that the court will not interfere with the political processes unless these processes are shown to be clearly without basis in the law. See State ex rel. Topping v. Houston, 1913, 94 Neb. 445, 143 N.W. 796; and 62 C.J.S. Municipal Corporations § 516.
In view of the fact that this court, at the request of the appellants, has expedited the appeal, the time for filing petitions for rehearing is limited to forty-eight hours from the time of the filing of this opinion.
Affirmed.