346 So.2d 122 (1977)
CITY OF MIAMI BEACH, a Florida Municipal Corporation, Appellant,
v.
Gerald A. HERMAN et al., Appellees.
No. 77-371.
District Court of Appeal of Florida, Third District.
May 24, 1977.
Joseph A. Wanick, City Atty., John A. Ritter, Coral Gables, Richard A. Kanner, Miami, for appellant.
Mahoney, Hadlow & Adams and John K. Aurell, Miami, for appellees.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
*123 PER CURIAM.
The City of Miami Beach appeals a permanent injunction enjoining the City from including question # 5 relative to the rent control ordinance on the ballot of the March 8, 1977 special election.
On January 7, 1977 the city clerk received petitions calling upon the city council to adopt or submit to the City's electorate a measure amending and re-enacting rent control ordinance # 74-2018 which expired December 31, 1976 for an additional two years. At a meeting on January 19 the city council passed a resolution to submit the measure to the electorate as an initiative (pursuant to Section 26 of the Charter of the City of Miami Beach) by placing question # 5 on the ballot of an already scheduled special election for March 8 provided that 10% of the voters signed initiative petitions at least 30 days before the election (February 8). This condition was satisfied.
On or about February 15, 1977 plaintiffs filed a complaint seeking to enjoin the City from placing the rent control ordinance (question # 5) on the March 8 ballot on the grounds that (1) Section 26 of the City Charter requires the instant measure to be submitted to the electorate at least 60 days after the filing of the petitions asking for the submission, and (2) the proposed measure was not fully set forth in the petitions as required by Section 26 in that it does not fully set forth the text of ordinance # 74-2018.
After several hearings the trial court granted the permanent injunction based on the following:
* * * * * *
"2. The election procedure which is the subject matter of this litigation is sanctioned by and comes within the initiative provisions of § 26 of the City of Miami Beach Charter.
"3. The Dade County Elections Supervisor certified to the City that petitions containing 6,473 signatures of qualified electors were filed with the City Clerk by January 28, 1977. There are 59,561 registered voters on Miami Beach eligible to vote in the March 8, 1977 special election.
"4. The initiative procedure that is to be followed when less than fifteen percent of the qualified voters execute the initiative petitions provides that the initiative election shall not take place until at least sixty days subsequent to the filing of the petition or petitions.
"5. The language of the initiative petition does not fully set forth in said petition the rent control ordinance sought to be enacted.
"6. The initiative petition is scheduled to be placed on the ballot as part of a special election set for March 8, 1977.
"CONCLUSIONS OF LAW
"1. Plaintiffs have standing to bring this complaint because they are taxpayers and property owners in the City of Miami Beach seeking to enjoin an election alleged to be procedurally and substantively illegal.
"2. Inclusion of the rent control question presented by the initiative petition as part of the special election to be held March 8, 1977 is illegal because sixty days would not have elapsed since a sufficient number of signatures of qualified electors were filed.
"3. The initiative petitions are themselves invalid because they do not fully set forth the subject matter of the measure as required by § 26 of the City Charter."
* * * * * *
The City appeals therefrom. We affirm.
Section 26 of the City's Charter clearly provides a minimum 60-day period between certification of the petitions and the date of the election. This requirement was not met and the trial judge was correct in enjoining the City from placing the subject rent control measure on the March 8 ballot. See Tacker v. Board of County Commissioners of Polk County, 127 Fla. 248, 170 So. 458 (1936).
We also agree with the judge's finding that the petitions are invalid for failure to set forth the rent control ordinance to be *124 enacted as required by Section 26 of the Miami Beach City Charter.
Order granting permanent injunction is affirmed.