369 So.2d 1002 (1979)
Harry L. WILSON, Appellant,
v.
DADE COUNTY, Board of County Commissioners of Dade County, Florida, and Steven A. Schultz, Appellees.
Nos. 78-2365, 79-339.
District Court of Appeal of Florida, Third District.
April 17, 1979.
Dennis M. O'Connor, Coral Gables, E.M. Short, Jr., Miami, for appellant.
Stuart L. Simon, County Atty., for Dade County.
Steven A. Schultz, in pro. per.
Before HENDRY, HUBBART and SCHWARTZ, JJ.
SCHWARTZ, Judge.
On April 16, 1979, this court issued an order reversing a temporary injunction entered by the trial court which had the effect of precluding the holding of a referendum election on a "millage roll back" ordinance which had been proposed by an initiative petition. The purpose of this opinion is to explain the reasons for that order.
*1003 The petition, which has secured the requisite number of voter signatures provided by Article 7, § 7.01(2) of the Dade County Charter, proposed the adoption of the following ordinance:
"Section 1. The County Millage for the 1979-1980 Fiscal Year shall be four mills per $1,000.00 on all property subject to ad valorem tax in Dade County, Florida, as the Millage fixed and determined to be levied for all County operating purposes.
Section 2. This ordinance does not determine the Millage for County Bonded Debt Service or the Library District Fund, or other special District Millages.
Section 3. This ordinance shall be included in the Dade County Code.
Section 4. This ordinance shall take effect at the beginning of the next succeeding Fiscal Year, on October 1, 1979."
Before the county commission could act officially upon the initiative petition, Steven A. Schultz, one of the present appellees, filed suit "against" the commission to enjoin the calling of a special election on the proposed ordinance. The basis of the complaint was that the ordinance would be, if adopted, "illegal and invalid" as in violation of several designated provisions of the Florida statutes, and that the expenditure of public funds for the election would therefore be wasteful and damaging to the plaintiff in his capacity as a Dade County taxpayer. It soon appeared that the county was no more than a nominal party defendant; its position was in full accord with that of Mr. Schultz as to the merits of his complaint. Acting as a third-party plaintiff, the county then filed a third-party complaint against Harry Wilson, a citizen who had acted as the prime mover of the proposal in question. Like Schultz, the county sought a declaratory judgment that the proposal was invalid and that it was not required or permitted to submit it to the electors for adoption or rejection. After a great deal of procedural pushing and hauling, which our disposition of the case makes it unnecessary to detail,[1] the trial judge granted the relief sought by Schultz and the county; he declared the ordinance invalid and entered a temporary injunction[2] against the county forbidding a referendum on the proposal. Wilson, pursuant to F.R. App.P. 9.130(a)(3)(B), brought this interlocutory appeal to review the injunctive order.
Our reversal of the injunction is based solely upon the holding that, on the facts presented, the trial court was not authorized by the applicable law prospectively to interfere with the electoral process by precluding a decision of the voters on the proposed ordinance. Our discussion necessarily begins with a statement of the general rule which we expressed very recently in Metropolitan Dade County v. Shiver, 365 So.2d 210, 212 (Fla.3d DCA 1978):
"The law is well-settled that a court of equity as a general rule will not restrain the holding of an election because a free election in a democracy is a political matter to be determined by the electorate and not the courts. City of Deland v. Fearington, 108 Fla. 498, 146 So. 573 (1933); Joughin v. Parks, 107 Fla. 833, 143 So. 145 (1932); Dulaney v. City of Miami Beach, 96 So.2d 550 (Fla.3d DCA 1957)."
As Shiver goes on to point out, the "[l]imited exceptions to this rule have been recognized ... only on the narrowest of grounds." The case at bar falls within none of these limited, narrow exceptions. There is no issue, for example, as to the propriety of the form of the initiative petition, the manner in which it was circulated, nor of the validity or sufficiency of the numbers of voters who signed it. Compare City of Miami Beach v. Herman, 346 So.2d 122 (Fla.3d DCA 1977). Nor does this case involve a *1004 finding that the proposal was in any way unconstitutional, as was true in both Adams v. Gunter, 238 So.2d 824 (Fla. 1970), and Duval County v. Jennings, 121 Fla. 584, 164 So. 356 (1935); see Dade County v. Dade County League of Municipalities, 104 So.2d 512 (Fla. 1958); cf. Rivergate Restaurant Corp. v. Metropolitan Dade County, 369 So.2d 679 (Fla.3d DCA 1979). Neither appellee even claimed, and the trial judge did not hold, that the proposed ordinance was in violation of any provision of either the Florida or the United States constitution.
The appellees rely, however, upon statements in several decisions of this court which suggest that an election may be enjoined "if the ordinance proposed was clearly invalid on its face." Dulaney v. City of Miami Beach, 96 So.2d 550, 551 (Fla.3d DCA 1957); see City of Miami Beach v. Smith, 251 So.2d 290, 292 (Fla.3d DCA 1971), cert. denied, 257 So.2d 561 (Fla. 1971); cf. Lalor v. Dade County, 258 So.2d 843, 845 (Fla.3d DCA 1972). None of these cases actually precluded an election based on such a determination; in fact, there appears to be no Florida appellate decision whatever which has done so.[3] Thus, we agree with the appellant that these statements are no more than dicta. It is not necessary, however, to decide whether we would apply the dicta in a proper case, because this case plainly does not come within the language in question. While we express no view whatever as to the proper resolution of the issues, we do find that the contentions made by Wilson in response to the appellees' claims that the proposal is contrary to various aspects of Florida statutory and decisional law are, at least, substantial and non-frivolous. The alleged invalidity surely does not "clearly" appear "on the face" of the proposed ordinance. Since this is true, the holding in the Dulaney case, supra, at 96 So.2d 551-552, that the courts may not under such circumstances interfere with an election in advance, applies and controls:
"There is a vast difference between the question of the legality of the election and the validity of the ordinance that might result. It would be true that an election held to pass an ordinance which was later held to be invalid would be useless, but it would not follow that such an election was illegal. An election should not be held if the ordinance proposed was clearly invalid on its face. In the instant case such a certainty does not exist. It follows that the validity of the proposed ordinance can best be considered not under an injunction proceeding hastily brought and defended prior to an election already called, but in a suit brought for that purpose by affected property owners."
Of course, we express no opinion as to the wisdom of the proposed ordinance; that is a matter for the electorate. And we reemphasize that we also express no opinion as to its ultimate validity;[4] that is a matter which may properly be decided only if the electorate votes in its favor. We simply hold that, just as the courts may not interfere with the mere prospective adoption of a statute or ordinance by the legislature or commission, it is improper to enjoin the electorate from passing upon a proposal which is at least arguably valid and which is not challenged on constitutional grounds. The appellees argue that to permit an election on an ordinance which may later be held invalid is to allow and encourage what may be a totally purposeless act. We cannot agree that the right of the voters to express their views on an issue properly presented for their consideration may be so easily dismissed. To the contrary, the interposition of the courts in the midst of the *1005 political process, particularly that part of the process which involves a proposed democratic election, is unwise and properly disfavored. We find no basis for a deviation from that rule in this case.
Accordingly, the temporary injunction under review is reversed and the cause remanded with directions to dismiss the complaint and the third-party complaint. Since we do not pass upon the validity of the proposed ordinance, and hold that the circuit court likewise should not have done so, the dismissal is to be effected without prejudice to a subsequent determination of that issue if it becomes appropriate and necessary to rule upon it; that is, if, and only if, the electorate approves the ordinance at the polls.
Reversed and remanded with directions.
NOTES
[1] Our case no. 78-2365 is an interlocutory appeal from an order below which denied Wilson's motion to dismiss the amended third-party complaint brought by the county. We find that there is no jurisdiction to review this non-final order under F.R.App.P. 9.130 and therefore dismiss that case.
[2] The injunction was "temporary" rather than "permanent" only because the pendency of case no. 78-2365 in this court prevented the trial court from entering a final judgment disposing of the case. F.R.App.P. 9.130(f).
[3] The only Florida decisions which have ordered an issue off the ballot because of the invalidity of the proposed enactment, Adams v. Gunter, supra, and Duval County v. Jennings, supra, were both based upon constitutional grounds. An affirmance of the order below, which precludes an election because of a finding of non-constitutionally-based illegality, would therefore be unprecedented in our state.
[4] Because the issue is not before us, we likewise have no comment as to the mechanics or timing of the referendum election to be held on the proposal.