369 So.2d 679 (1979)
RIVERGATE RESTAURANT CORPORATION, d/b/a Cye's Rivergate Restaurant, a Florida Corporation, Appellant,
v.
METROPOLITAN DADE COUNTY, Florida, a Political Subdivision of the State of Florida, Appellee.
No. 79-274.
District Court of Appeal of Florida, Third District.
April 17, 1979.
*680 Lee, Murphy & Coe and Thomas E. Lee, Jr., Miami, for appellant.
Stuart L. Simon, County Atty. and Robert A. Ginsburg, Asst. County Atty., for appellee.
Before PEARSON and KEHOE, JJ., and EZELL, BOYCE F., JR., (Ret.), Associate Judge.
EZELL, Associate Judge.
Rivergate Restaurant Corporation, d/b/a Cye's Rivergate Restaurant, appeals from a final judgment which, inter alia, denied its application for an injunction restraining Metropolitan Dade County from holding a special referendum election on a certain proposed ordinance to the Code of Metropolitan Dade County designated as the "Clean Indoor Air" ordinance. Because the referendum election is scheduled for May 8, 1979, this court has expedited the briefing schedule provided in the Florida Rules of Appellate Procedure and ordered early oral argument of this cause. We now hold that the court below properly denied the appellant's application for injunctive relief but erred when it passed upon the constitutionality of a portion of the proposed ordinance. The circuit court was restricted to a determination of the validity of the proposal in its entirety; once the proposed ordinance was found not to be invalid in its entirety, the circuit court's judicial function terminated. Accordingly, we modify the final judgment by reinstating the language stricken from the proposed ordinance in order that it may be submitted to the electorate in its original form.
On January 9, 1979 the County Commission voted to submit the proposed "Clean Indoor Air" ordinance to the electors at a special referendum election scheduled for May 8, 1979. This action was taken following presentation to the commission of an initiative petition which proposed the ordinance at issue regulating smoking in enclosed public places. The commissioners chose to submit the proposal to the electors rather than adopt the ordinance as initially submitted to them in the petition.[1]
The appellant owns and operates a restaurant in Dade County which is licensed by the State of Florida to sell alcoholic beverages and which would be affected should the initiative petition be adopted. Appellant brought this suit against the county seeking a judgment declaring the proposal regulating smoking in enclosed public places in this county to be unconstitutional. In addition, appellant sought injunctive relief restraining the county from submitting the proposed ordinance to the electorate at any special or general election, and also sought to enjoin the County Commission from reconsidering its adoption without the necessity of voter ratification at a special or general election.
The ordinance would, if adopted, prohibit smoking (with certain specified exceptions) in all enclosed public places, places of employment, *681 educational and health facilities located in all unincorporated and incorporated areas of Dade County. That portion of the ordinance particularly relevant to appellant's business (Section 5) would require each restaurant or cafeteria in the county to establish non-smoking sections in its dining area comprising at least 50 percent of its available seating. This section reads as follows:
"Section 5. Restaurants and Cafeterias.
"(a) Every restaurant and cafeteria shall establish a non-smoking section in its dining area in which signs or placards referred to in Section 7(b) shall be posted or placed in at least 50 percent of its available seating, subject to change if the needs of the owner or manager so require. Any such section shall be one contiguous area. Any other provisions of the Ordinance notwithstanding, smoking is unlawful in any food service line in a cafeteria.
"(b) A conspicuous and clearly legible sign shall be posted at every public entrance to a restaurant or cafeteria indicating the non-smoking section of the dining area.
"(c) It is the intent of the people of Dade County, Florida for restaurant and cafeteria owners and managers to provide seating in a non-smoking section for any patron who desires such seating and to encourage restaurant and cafeteria owners and managers to use presently existing physical barriers and ventilation systems to minimize the permeation of smoke from adjacent smoking sections into non-smoking sections."
The appellant attacked the ordinance in general and this section in particular as being unconstitutional on its face for several reasons which we need not discuss in light of our decision herein. After an accelerated final hearing, at which no testimony was taken, the circuit court entered a final judgment denying the appellant's application for injunctive relief and ruled that the county had the authority to regulate smoking in restaurants licensed under the state beverage law.[2] The circuit court also struck a phrase found in the proposed ordinance as unconstitutionally vague.[3]
Appellant now appeals from the final judgment contending that the county had no authority to regulate smoking in restaurants licensed under the state beverage laws since the state has preempted the area in which the ordinance has its primary effect. We need not reach this issue since we hold that the circuit court was correct in denying injunctive relief and refusing to restrain the referendum election, although we reach our conclusion for reasons different *682 from those expressed in the final judgment.
At the outset we emphasize that we specifically refrain from any comment upon the wisdom or the merits of the proposed ordinance. That is a matter for the electorate, not the courts, to decide. Our opinion deals only with the propriety of injunctive relief under the circumstances presented below. Upon review, we hold that the circuit court had the authority to enjoin an election in a proper case, but rightly refused to do so in this instance.
The circuit court had the authority to entertain a complaint attacking the constitutionality of the proposed "Clean Indoor Air" ordinance under the law as set forth in Dade County v. Dade County League of Municipalities, 104 So.2d 512 (Fla. 1958). In that case, the Supreme Court, speaking through Justice Thornal, held that the courts had the authority to consider the constitutionality of a proposed municipal autonomy amendment in advance of an election called to enable the electorate to express its approval or disapproval of the amendment, and to enjoin the election if the proposed amendment was found to be unconstitutional in its entirety.
The facts of that case are similar to those which developed below: As a result of an initiative petition, the Dade County Commission called for a special referendum election to submit a proposed amendment to the electorate that would amend the Home Rule Charter for Metropolitan Dade County. This amendment would, if adopted, reserve certain powers to the municipalities located in the county. It provided that the municipalities could exercise all powers granted to them by their charters or by statute, notwithstanding anything to the contrary in the county Home Rule Charter. To forestall adoption of this proposed amendment, certain county taxpayers, representatives of a class, filed suit against the county seeking a declaratory decree on the matter of the constitutionality of the proposed amendment, and requested an injunction restraining the county from holding the special referendum election at which the voters would approve or disapprove the proposed amendment. The circuit court issued a decree which affirmed the constitutionality of the proposed amendment, and it temporarily enjoined the special referendum election on the matter until its constitutionality could be finally resolved on appeal.
The Supreme Court dissolved the temporary injunction and found that the proposed municipal autonomy amendment sufficiently comported with constitutional requirements to be submitted to the electorate. The court held that it was proper for the circuit court to consider the constitutionality of the proposal in advance of the special election in order to prevent the county from spending money in what could be "a vain and useless thing". The court concluded that the special election could be enjoined only if the proposed amendment was invalid in its entirety:
.....
"... We limit our consideration of the problem entirely to a determination of whether the proposal in its entirety contravenes the provisions of Article VIII, Section 11, Florida Constitution. We have used the word `entirety' advisedly. When a proposal of the nature here involved is assaulted on the ground that it violates the Constitution, the courts will not interfere if upon ultimate approval by the electorate such proposal can have a valid field of operation even though segments of the proposal or its subsequent applicability to particular situations might result in contravening the organic law. In other words, if an examination of the proposed amendment reveals that if adopted it would be legally operative in part, even though it might ultimately become necessary to determine that particular aspects violate the Constitution, then the submission of such a proposal to the electorate for approval or disapproval will not be restrained. Gray v. Moss, [115 Fla. 701, 156 So. 262 (1934)]; Gray v. Winthrop, [115 Fla. 721, 156 So. 270 (1934)]."
.....
Dade County v. Dade County League of Municipalities, supra 104 So.2d at 515.
*683 Under the clear authority expressed above, the circuit court, in entertaining the appellant's complaint, was limited to a determination as to whether the proposed ordinance was invalid in its entirety before it could restrain the holding of the special referendum election. See also City of Miami Beach v. Smith, 251 So.2d 290 (Fla.3d DCA), cert. denied, 257 So.2d 561 (Fla. 1971); Dulaney v. City of Miami Beach, 96 So.2d 550 (Fla.3d DCA 1957). An individual piecemeal attack upon a portion of the proposal, as opposed to an attack on the proposal in toto, was not sufficient to enable the circuit court to enjoin the election or to delete the language of the proposed ordinance that the court found to be unconstitutionally vague. Once it was determined that the "Clean Indoor Air" ordinance was not invalid in its entirety, or once it became clear that the appellant intended only a piecemeal attack on the proposed ordinance, the circuit court's judicial function was at an end and the wisdom vel non of the proposal was purely a matter for the electorate to decide.[4]
In short, the circuit court's authority was restricted to an overall examination of the constitutionality of the proposed ordinance on its face. It fell into error when it went beyond that and determined that a portion thereof was unconstitutionally vague and should be deleted prior to consideration by the electorate.[5]
In Metropolitan Dade County v. Shiver, 365 So.2d 210 (Fla.3d DCA 1978) (appeal and certiorari pending), we recently reversed an injunction restraining a referendum election on a proposed ordinance that would impose a tourist development or "room" tax on county hotels and motels. We rejected the arguments against submitting the proposal, as written, to the electorate, and concluded that the ballot language of the proposed ordinance gave the voter fair notice of the question to be decided and was not misleading under Section 125.0104(6)(b), Florida Statutes (1977). In reaching our conclusion that the injunction against the referendum election was improper, this court briefly commented upon the role of the judiciary in the political process:
.....
"[1] The law is well-settled that a court of equity as a general rule will not restrain the holding of an election because a free election in a democracy is a political matter to be determined by the electorate and not the courts. City of Deland v. Fearington, 108 Fla. 498, 146 So. 573 (1933); Joughin v. Parks, 107 Fla. 833, 143 So. 145 (1932); Dulaney v. City of Miami Beach, 96 So.2d 550 (Fla.3d DCA 1957). Limited exceptions to this rule have been recognized but only on the narrowest of grounds. One such exception is where the election is being held in violation of an applicable legislative enactment. City of Miami Beach v. Herman, 346 So.2d 122 (Fla.3d DCA 1977). Another is where the ballot question on a referendum is misleading and deprives the voter of an opportunity to know and to be on notice as to the proposition on which he is to cast his vote. Hill v. Milander, 72 So.2d 796 (Fla. 1954)."
.....
Metropolitan Dade County v. Shiver, supra 365 So.2d at 212.
The circuit court's determination that the county had the authority to regulate smoking in restaurants licensed under the beverage laws was premature where that issue was not properly presented for *684 resolution in advance of the special election. Here the appellant seriously contested only that portion of the proposed ordinance restricting smoking in restaurants and cafeterias. The circuit court found that a small portion of this section was unconstitutionally vague. In so doing, it exceeded the authority it had under Dade County v. Dade County League of Municipalities, supra.
We again emphasize that we are not at this time passing upon the merits of the proposed ordinance itself. Nothing in this opinion should be read endorsing the merits of the proposed ordinance or precluding any challenge to its contents, or any portion thereof, should it be subsequently adopted. In that event, it may be examined by the courts in the same manner that any statute or ordinance may be examined.
We approve only so much of the final judgment that denies injunctive relief and we direct that the proposed ordinance, as originally submitted by the county commission, be placed before the electorate at the special referendum election of May 8, 1979. All other portions of the final judgment in conflict with this opinion are disapproved. The final judgment, as so modified, is affirmed.
Affirmed.
NOTES
[1] This procedure was authorized pursuant to the Home Rule Charter for Metropolitan Dade County, art. 7, § 7.01 (1957).
[2] Chapters 561 & 562, Fla. Stat. (1977).
[3] The substance of the final judgment reads as follows:

.....
"This case concerns the constitutionality of a Dade County initiative petition to regulate smoking. The proposed ordinance would apply inter alia to restaurants which, like the plaintiff, are licensed under the beverage laws of the State of Florida.
"Plaintiff argues that the proposed ordinance is invalid on three (3) grounds:
"1. Dade County lacks the powers of an `incorporated municipality' under Section 562.45(2), Florida Statutes,
"2. The State has pre-empted the regulation of liquor licensees, and
"3. A portion of Section 5(a) of the proposed ordinance is unconstitutionally vague.
"After extensive argument of counsel and being otherwise fully advised in the premises, it is thereupon,
"ORDERED and ADJUDGED:
"1. Dade County has the authority to regulate smoking in restaurants licensed under the beverage laws of the State of Florida.
"2. The challenged language of Section 5(a) of the proposed ordinance, to wit: `... subject to change if the needs of the owner or manager so require ...', is unconstitutionally vague. Accordingly, that portion of Section 5(a) which is quoted in the preceding sentence shall be and the same is hereby stricken from said Section.
"3. The prayer for injunctive relief shall be and the same is hereby denied, and the proposed ordinance as modified by Paragraph 2 of this Final Judgment shall be submitted to the electorate of Dade County on May 8, 1979, at a special election previously scheduled by the Dade County Board of County Commissioners."
.....
[4] In a proceeding of this kind the courts cannot with propriety go beyond measuring the proposal by the standards set in the Constitution itself. Any effort on our part to attempt to reconcile the provisions of the existing charter with the proposed amendment prior to the approval of the latter would be an encroachment on the political functions of the electorate and then would amount to nothing more than an advisory opinion on our part in a matter which is beyond our immediate judicial province."
.....
Dade County v. Dade County League of Municipalities, supra 104 So.2d at 518.
[5] The phrase which the circuit court held should be deleted was: "... subject to change if the needs of the owner or manager so require... ."