PER CURIAM.
Harry L. Wilson petitioned the Board of County Commissioners of Dade County to approve, as to form, an initiative petition to establish the county’s millage for the fiscal year 1980-81. Approval of form was necessary before an attempt could be made to gather the requisite number- of signatures of electors on the petition needed to activate the provisions of Section 7.01(4) of the Home Rule Charter which required the Board to either adopt the ordinance pursuant to subsection (a) thereof or submit it to the voters via a referendum pursuant to subsection (b). The Board disapproved the petition, as to form, on the ground that the proposed ordinance violated the Florida Constitution. Wilson then applied to the circuit court and obtained an alternative writ of mandamus. The Board contended before the circuit court that the proposed ordinance was unconstitutional. After considering the Board’s return and arguments, the trial court found that the alleged illegality of the proposal was not so clear on its face as to deny relief. Thereafter, it awarded Wilson a peremptory writ of mandamus to coerce the Board’s approval of the petition as to form. The Board appeals from that judgment.
This is the second occasion on which this court has been presented with the question of whether the voters of Dade County may establish, by ordinance, the millage for county operating purposes. Last year, this court, in Wilson v. Dade County, 369 So.2d 1002 (Fla.3d DCA 1979), held that absent a challenge upon constitutional grounds it would not interfere in the election process concerning a proposal which was valid on its face. In the present case, the Board argues that the writ of mandamus was improvidently issued because the initiative petition collides with the Florida Constitution.
Our inquiry is to determine the constitutional infirmity, if any, of the proposed ordinance. Article VII, Section 1(a) of the Florida Constitution provides: “[n]o tax shall be levied except in pursuance of *433 law.” Section 7.01(6)(a) of the Home Rule Charter expressly authorizes electors to utilize an initiative petition and subsequent referendum to adopt an ordinance reducing or eliminating revenue. The Board contends that this section contravenes general state statutes which prescribe the manner and means for the adoption of the county budget. The Board correctly indicates that where the Constitution prescribes the manner and means of performing an act, the manner prescribed is exclusive and therefore performing the act in a substantially different manner is forbidden. Weinberger v. Board of Public Instruction of St. Johns County, 93 Fla. 470,112 So. 253 (1927). The flaw in the argument is that the Constitution does not provide the manner and means for the levy of ad valorem taxes. Under Article VII, Section 1(a), that function has been allocated primarily to the Legislature. The assertion that Section 7.01(6)(a) contravenes the general state statutes as to the manner and means of levying ad valorem taxes simply does not elevate the argument to one of constitutional dimension. It is, in reality, the identical argument which was presented to this court last year in Wilson v. Dade County, supra.
Secondly, the Board contends that the issue is controlled by State ex rel. Keefe v. City of St. Petersburg, 106 Fla. 742,144 So. 313, 671, 145 So. 175 (1933) which held that appropriation ordinances were not amenable to the initiative and referendum process under St. Petersburg’s city charter. We hold that the express provisions of Section 7.01(6)(a) of the Home Rule Charter are so clear and distinct that any reliance on the holding in State ex rel. Keefe v. City of St. Petersburg, supra, is misplaced. Our analysis of the alleged constitutional infirmity of the ordinance proposed pursuant to Section 7.01(6)(a) satisfies us that the argument is unsubstantial.
Again, as we did in Wilson v. Dade County, supra, we find the petition to be valid on its face and consequently we affirm the judgment appealed from on the reasoning and authorities cited therein.
 The courts will not interfere with the political processes unless the processes are shown to be clearly without basis in the law. Lalor v. Dade County, 258 So.2d 843 (Fla.3d DCA 1972). If the ordinance is adopted, it will then be time for those parties aggrieved to challenge its validity, including its constitutionality, in a conventional adversary proceeding.
We express no opinion as to the wisdom of the proposed ordinance or its ultimate validity.
This decision is final forthwith and petitions for rehearing are dispensed with.. Cognizant of the persistence of the problem and the public concern for a resolution of the issue, the decision of this court is certified to the Florida Supreme Court as a decision that passes upon a question of great public importance.
Affirmed.