## BI-PARTISAN COALITION FOR A STABLE GOVERNMENT v. GRAHAM WATT, et al.
### No. 81-23919
Circuit Court, Broward County
January 11, 1982

David Alexander of Holland & Knight, for plaintiff Bi-Partisan Coalition for a Stable Government and Lenora J. Giacobbe.

David Cardwell of Hahn, Breathitt, Roberts & Watson, for plaintiff Marcia Beach.

Harry Stewart, for defendant Graham Watt and Broward County.

Samuel Goren of Josias & Goren, for defendant Jane Carroll as Supervisor of Elections.

Robert A. Smoley of Smoley & Grate, for plaintiff Jack Fried.

Jack Ludin of Michelson & Zippin, for plaintiffs Howard Craft, Howard C. Forman, Fran Gross, Eve L. Savage and Gordon F. Thompson.

George Platt, for Committee for Responsible Government.

Jack A. Jensen, for defendant Recall Political Action Committee and William G. Glynn, as Chairman.

STEPHEN R. BOOHER, Circuit Judge.

---

This action was heard December 30, 1981 to determine the status of Recall Political Action Committee and William G. Glynn, as its chairman, as intervening defendants and on these intervenors' motion to dismiss. The motion to dismiss challenges the standing of Bi-Partisan Coalition For A Stable Government and Leonora J. Giacobbe. The Recall Political Action Committee and William G. Glynn, as its chairman, were allowed to intervene as defendants by the oral order entered at the hearing held December 21, 1981, at which time the Court reserved ruling on the status of the intervention—that is, whether it was to be in subordination to and in recognition of the propriety of the main proceeding, as provided by Rule 1.230 of the Florida Rules of Civil Procedure, or whether the Court should exercise its discretion under said Rule to allow the intervention without limitation. At issue was the right of Recall Political Action Committee, and William G. Glynn, its chairman, as intervenors, to argue their motion to dismiss, and the possible resulting delay of the final hearing scheduled on Count I for December 30, 1981. By the same oral order, the Court reserved ruling on the motion to dismiss, to enable all counsel to brief and argue the points of law involved. These oral orders were memorialized by the Court's Order on Hearing of December 21, 1981, entered December 28, 1981, and Amended Order, entered December 30, 1981, both *nunc pro tunc* to December 21, 1981.

The court has considered the memoranda submitted by the parties and heard argument of counsel and,

IT IS ADJUGED:

1. Recall Political Action Committee and William G. Glynn, as its chairman, as intervenors, have the same substantive rights as all other parties to this action and are not subordinate to any other party in this respect. However, their procedural rights, as intervenors, are limited to the extent that they do not have the right to raise any procedural issue which might have the effect of delaying the ultimate resolution of this case.

2. The motion of Recall Political Action Committee and William G. Glynn, as its chairman, to dismiss the complaint or dismiss Bi-Partisan Coalition For A Stable Government and Leonora J. Giacobbee as parties for lack of standing is, on the merits, denied. *Tacker v. Board of Com'rs of Polk County,* 170 So. 458, 459 (Fla. 1936); *State ex rel. Landis v. Tedder,* 143 So. 148, 149 (Fla. 1932). *Cf., City of Miami Beach v. Herman,* 346 So.2d 122, 123 (Fla. 3d DCA 1977). *Compare: Riviera Club v. Belle Mead Dev. Corp.,* 194 So. 783, 784 (Fla. 1939).